Van Wormer
v.
Mayor, &c. of
Albany.

VAN WORMER *vs.* THE MAYOR, ALDERMEN AND COMMONAL-
TY OF THE CITY OF ALBANY.

Where the *board of health* of the city of Albany adjudged certain premises to
be a nuisance, and an ordinance of the corporation was thereupon pass-
ed directing its abatement, and an action of trespass was subsequently
brought against the corporation for the acts of an agent in carrying the
ordinance into effect; *it was held*, that the plaintiff in such action was
not at liberty to show that the nuisance did not in fact exist at the time
of the adjudication; an d also that it was not competent to him to show
any irregularity or non-compliance on the part of the *board of health*, with
the requirements of the statutes in such cases.

In a suit against the corporation of a city, the *mayor* is a competent wit-
ness for the defendants, although named in the suit as a constituent mem-
ber of the corporation.

THIS was an action of *trespass*, tried at the Albany circuit,
before the Hon. JAMES VANDERPOEL, one of the circuit judg-
es, and was brought for the pulling down, by an agent of the
corporation, of a barn and sheds of the plaintiff; his damages
being estimated at from $1000 to $2600. The defendants
justified under a by-law of the corporation, reciting that cer-
tain grounds had been adjudged by the *board of health* a *nui-
sance,* dangerous to the health and lives of the inhabitants of
the city, and that it was necessary they should be dug down
to abate the nuisance, and therefore enacting that such
grounds be excavated and dug down to the level of the sur-
rounding streets. The building of the plaintiff were on the
grounds embraced within the by-law, and were pulled down
to enable the law to be carried into effect. The mayor of the
city testified, (his competency as a witness was objected to by
the plaintiff, but the objection was overruled,) that whilst the
*Asiatic cholera* prevailed in Albany in the summer of 1832, the
*board of health,* of which he was at the time a member, ad-
judged the premises in question to be a nuisance, and that
the same ought to be abated, and made an order accordingly,
which however was not *entered in the minutes* of the board of
health, nor was it *in writing*, otherwise than in the recital of
the by-law passed by the corporation. He also testified that *no*

*summons* was served on the plaintiff to show cause, at the time the order was made, why the premises should not be adjudged a nuisance; the plaintiff, however, had been repeatedly notified to abate the nuisance, and had been heard on the subject before the board of health, to whom he admitted that the nuisance could not be abated in any other way than by the digging down of the earth ; but objected that it should be done at his expense. The plaintiff offered to prove that his premises were not in fact a nuisance ; which evidence was objected to and overruled. The plaintiff then insisted that the order of the board of health not being in writing, the defendants were not justified. The judge decided that it was not necessary the order should be in writing, and expressed his opinion that the defendants had established a complete justification. Whereupon the plaintiff submitted to a nonsuit, with leave to move to set the same aside.

NEW-YORK,
May, 1836.

Van Wormer
v.
Mayor, &c. of
Albany.

*S. Stevens,* for the plaintiff.

*J. Van Buren,* for the defendants.

*By the Court,* Savage, Ch. J. The first question is whether the mayor was a competent witness. There are but two grounds upon which an objection can be made to his competency, to wit, that he is a party to the suit, and that he is interested. It is an answer to the first ground, that he is sued in his corporate, and not in his individual capacity. *Peake's Cases,* 153, 4. 3 *East,* 13. 1 *Phil. Ev.* 58. The mayor in this case was not personally liable to costs. It is an answer to the ground of interest, that the statute has said that " No person shall be deemed an incompetent witness or juror by reason of his being an inhabitant, freeholder or freeman of the said city," (Albany.) *Laws of* 1826, *p.* 199, § 43. The mayor was therefore a competent witness.

The important question in the cause is whether the board of health had power to authorize the acts of which the plaintiff complains. The mayor of the city is *ex officio* president of the board of health, and the members are appointed by the common council. 1 *R. S.* 423. The board of health, by the

revised statutes, 1 *R. S.* 440, is invested with large powers for cleansing and purifying the city; and it is made their duty to exercise certain powers specified, and also all such other powers, whenever a contagious disease shall appear in the city, as in their judgment the circumstances of the case and the public good shall require. By the act of 1832, *p.* 581, 2, the board of health have power and it is made their duty, among other things, to establish regulations, in their discretion, concerning the suppression and removal of nuisances; and all such other regulations as they shall think necessary and proper for the preservation of the public health. By the act of 1826, *p.* 200, § 44, the common council of the city of Albany may appoint so many of their members as shall be thought necessary to form a board of health, to aid and assist the mayor and recorder of the city to carry into effect the several statutes which are or may be passed to preserve the health of the said city, and to prevent the introduction and spreading of infectious and pestilential diseases in the same; and the said board, in conjunction with the said mayor and recorder, shall have the like power and authority as the board of health in the city of New-York. When the acts complained of were done, these several acts of the legislature were all in force; and it must be conceded that they confer upon the board of health very large discretionary powers—among other things, concerning the suppression and removal of nuisances. It is right that such power should exist somewhere, to be exercised upon a proper emergency. If the civil authorities were obliged to await the slow progress of a public prosecution, the evil arising from nuisances would seldom be avoided. It cannot be doubted, I think, that the statute gives a summary remedy to remove or abate nuisances. Whether the board in this instance proceeded with strict technical correctness, is a question which might be raised upon certiorari, but not when the proceedings are brought in collaterally. But were the whole proceedings before us upon their regularity, I am not prepared to say that they were defective. Although no technical notice was given for the plaintiff to show cause, at the time when his premises were adjudged a nuisance, yet he had often had notice substantially—had appeared before

the board, and admitted the character of the premises and the necessity for digging them down, but contended that it should not be done at his expense, as he was but a lessee.

The circuit judge was substantially correct in his several decisions. Although it would be proper for the board of health to enter all their proceedings in writing, separate from the proceedings of the common council, yet in the present case, I apprehend the recital of the proceedings and adjudication in the ordinance of the common council was sufficient. It is not, however, necessary to give a definitive opinion upon that point. The evidence offered to show that there was in fact no nuisance, was properly rejected. That point had been adjudicated by the proper tribunal, and was not in issue at the circuit.

In my opinion the motion to set aside the nonsuit should be denied.