THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* JAMES M. WOOD, APPELLANT.

*Boards of health — determination as to a nuisance — notice to the owner — abatement of a nuisance.*

It is provided by section 4 of chapter 270 of the Laws of 1885, that every person who shall willfully violate or refuse to obey any order or regulation of a board of health, or any order made by it, shall be guilty of a misdemeanor.

A city board of health, without notice to the alleged owner of certain premises, made an order which, in effect, determined him to be the owner thereof, and that a nuisance existed upon his premises and required him to remove it. *Held,* that the order affected a substantial right of the owner, and that the board of health had no power to conclude him thereby without notice.

That the owner's refusal to obey such an order was not a misdemeanor within section 4 of the act of 1855.

That the power given to the board by subdivision 4 of section 3 of said act, to receive and examine into the nature of complaints made by inhabitants concerning nuisances, impliedly required said board to give a reasonable notice to the person complained of, to the end that he might be heard in his own behalf.

*Semble,* that the owner could not in an inferior criminal court, where he was prosecuted for a misdemeanor, bring up for review the order and determination of said board.

A board of health may, under section 4 of said act, enter upon premises of its own motion, abate a nuisance and charge the owner by action with the expense; but this power should be exercised only in extreme cases and after a party has had an opportunity to be heard.

APPEAL by the defendant James M. Wood from a judgment and order of the Court of Sessions of Fulton county, entered in the clerk's office of said county on the 27th day of June, 1891, affirming a judgment of conviction and sentence of the Recorder's Court of the city of Gloversville, rendered against him, by which he was convicted of a willful violation of an order of the board of health of the city of Gloversville and sentenced to pay a fine of forty dollars, and in default thereof to be imprisoned in the jail of Fulton county until said fine should be paid, not to exceed forty days.

*N. H. Anibal,* for the appellant.

*William Green,* for the respondent.

MAYHAM, J. :

The board of health of Gloversville made an order of which the following is a copy :

" To J. M. WOOD :

" You will please take notice that upon examination it has been found that a nuisance and source of danger to life and health exists upon the premises described, as follows : On Church street, occupied by Mrs. Lent and Mr. Houghtaling and owned by you, which nuisance and source of danger consists of a privy which needs cleaning. And you are required forthwith to remove and suppress such nuisance and source of danger, and cause said premises to be thoroughly cleansed.

" In default thereof you will be liable to a penalty of $25, and for a willful violation of the regulations of this board, you will be

guilty of misdemeanor, and liable to a fine not exceeding $1,000 or imprisonment not exceeding six months, or both such fine and imprisonment.

"By order of the Board.

"A. SIMMONS, *Pres.*"

The case discloses that this order was served on the defendant on the 19th day of July, 1880, but that the defendant had no notice of the meeting of the board of health at which the order was made. On the 22d day of July, 1890, the clerk of the board of health made an information in writing, and under oath, reciting the above action of the board of health, and that the defendant willfully violated and disobeyed such order, and prayed for a warrant to apprehend the defendant, and presented such information to the recorder of the city of Gloversville, who issued his warrant, under which the defendant was arrested and brought before the recorder. On being brought before the recorder the complaint was read to the defendant, who pleaded not guilty, and on motion of the complainant the case was adjourned.

On the adjourned day the people appeared by an attorney, and the defendant in person, and the prosecution put in evidence the order of the board of health, above set out, and proof of service of the same on the defendant, also proof tending to show that the tenants in possession of the premises on which the alleged nuisance existed rented the same of the defendant, also proof by a member of the board of health that he had examined the premises and that the alleged nuisance had been removed before the time of the issuing of the warrant.

The defendant testified in his own behalf, in substance, that he was not the owner of the premises on which the alleged nuisance existed and was not the agent of the owner of the same, that the premises belonged to Joseph E. Wood, but that after the order of the board of health had been served on him he made an effort to procure some person to clean the premises.

The recorder found the defendant guilty and made the following order: "It is adjudged that such defendant is guilty, and that he pay a fine of $40 and in default of payment thereof be imprisoned in Fulton county jail until paid, not to exceed forty days." And thereupon

the recorder entered judgment of conviction in accordance with that order. From that judgment the defendant appealed to the Court. of Sessions of Fulton county where the conviction was affirmed, and the defendant appeals to this court.

The principal question urged on this appeal as a ground for the reversal of the judgment of the Court of Sessions affirming the conviction by the recorder is, that no notice of the meeting of the board of health to pass upon the existence of this alleged nuisance, or the liability of the defendant for its existence, or for the removal or abatement of the same, was given to the defendant, and that the order of the board of health affected a substantial right of the defendant and that the board had no jurisdiction to bind him by such an order without notice.

Enough is disclosed in the record to show that the board acted without notice to the defendant, and that the defendant had no notice of the action of the board until after the order hereinbefore recited was made. But it is insisted on the part of the respondent that the board of health has power to proceed *ex parte*, and without notice, to determine the existence of a nuisance and order it abated; and that a refusal or neglect of the person to obey that order, after its service upon him, is such a willful refusal as to make him guilty of a misdemeanor within the provisions of section 4 of chapter 270 of the Laws of 1885. Subdivision 4 of section 3 of this act authorizes the board of health to receive and examine into the nature of complaints made by any of the inhabitants concerning nuisances, and provides that it shall furnish the owners, agents or occupants a written statement of the result or conclusion of such examination, and that it shall be its duty to order the suppression and removal of nuisances and conditions detrimental to life or health found to exist within the limits of its jurisdiction.

Subdivision 6 of said section provides, among other things, that such board may make " without publication thereof such orders and regulations, in special or individual cases, not of general application, as they may see fit concerning the suppression and removal of nuisances * * * and serve copies thereof upon any occupant or occupants, and the owner or owners of any premises whereon any nuisances or other matters aforesaid shall exist, or to post the same in some conspicuous place on such premises."

Section 4 of the act of 1885 provides that: "Every person who shall willfully violate or refuse to obey any order or regulation made and published by the board of health, of any city, village or town in this State, or any order made and served or posted, as aforesaid, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be subject to fine or imprisonment, or both, in the discretion of the court, such fine not to exceed one thousand dollars, nor such imprisonment six months."

The order of the board of health, in the case under consideration, assumed to determine that the defendant was the owner of the premises, and that, as such owner, he permitted the existence of a nuisance on the same, detrimental to the public health, and upon that assumption commanded him to abate the same, or, in default thereof, to subject himself to heavy pecuniary forfeiture and a criminal prosecution involving his personal liberty.

It is quite apparent that important property and personal rights were involved in this determination by the board of health, and it has been held that such determination is of a *quasi* judicial character. (*People ex rel. The N. Y. C. and H. R. R. R. Co.* v. *The Board of Health of Seneca Falls*, 58 Hun, 595.)

Can such judicial investigation and determination be properly conducted without notice to the person whose property and liberty is put in jeopardy by it? We think not. In *People ex rel. Railroad Company* v. *Seneca Falls* (58 Hun, 599), the court says: "Though no special provision is made in the act for notice to the offending party, yet the power given to the board by subdivision 4 of section 3 'to receive and examine into the nature of complaints made by any of the inhabitants concerning nuisance,' etc., requires, by necessary implication, the board to give a reasonable notice to the person against whom the maintenance of the nuisance is alleged, that complaint has been made or that such fact exists, so that he may be heard in his own behalf, and, if possible, refute the charge made against him. No proper inquiry leading to a final order affecting private rights can be made without hearing both sides"

In this case the board assumed to make a final order determining the existence of the nuisance, the ownership of the premises on which it existed, and the liability of the defendant to remove the same.

This order formed the basis of the criminal action against the defendant, and the only question remaining for the Recorder's Court to determine was whether the order had been willfully disobeyed by the defendant.

The Recorder's Court was not an appellate court to review the action of the board, and it may be doubted whether the order could have been attacked collaterally in the trial court. It would seem to follow that the act of the board of health in making this final order against the defendant *ex parte*, and without notice to him, was without jurisdiction and void. But it is urged that such a determination will paralyze the efficiency of the board of health, and expose the public to the ravages of pestilence, without ability on the part of these officers to remove the cause.

But the board of health may, of its own motion, and at the expense of the party maintaining it, abate a public nuisance, being, of course, accountable to the party injured for an abuse of that power.

Section 4 of the act above referred to provides that, in any case of non-compliance with any order or regulation which shall have been served or posted, as provided in subdivision 6 of section 3 of this act, the said board of health, or its servants or employees, may lawfully enter upon any premises to which said order or regulation relates, and suppress or remove the nuisance, or other matter, in the judgment of the said board, detrimental to the public health, mentioned in said order or regulation, and any other nuisance or matter of the description aforesaid found then existing.

The section further provides that the expense incurred by the board for such removal shall be chargeable upon the occupant or occupants, or the person causing or creating such nuisance, and may be sued for and recovered, with the cost of prosecuting the action, in the name of the board of health.

Thus the delay and danger to the public health may be obviated by the action of the board itself. ( *Weil et al.* v. *Schultz et al.*, 33 How. Pr., 7 ; *Rogers* v. *Barker*, 31 Barb., 447.) But, from these cases, it seems that this power should be exercised only in extreme cases, and then only when a party charged has had an opportunity to be heard and fails to show cause why the nuisance should not be abated.

It would seem to follow that the action of the board of health in

the case under consideration, without notice to the defendant, was unauthorized, and furnished no basis for the criminal proceedings instituted against him; and that his conviction by the recorder, based upon the order made by the board, without notice to the defendant, was erroneous, as was the judgment of the Court of Sessions affirming such conviction, and that the judgment of the Court of Sessions and that of the recorder should be reversed.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and conviction reversed.