THE BOARD OF HEALTH OF THE CITY OF YONKERS, Respondent, *v.* JOHN COPCUTT, Appellant.

*Board of health of Yonkers — enforcement of its requirements — penalties — abatement of a pond and dam, as a nuisance.*

It is not a defense to an action brought by the board of health of the city of Yonkers, pursuant to the provisions of the city charter (Chap. 184 of Laws of 1881, tit. 9, § 2), to enforce obedience to its requirements for the abatement of a pond shown to be an intolerable nuisance, and dangerous to life and health, that others beside the defendant contributed to it, and even the city itself, by discharging sewage into it, where the act of the defendant in maintaining a dam, kept the foul substance confined in the pond.

Nor is it a defense to the defendant in such an action, that others, guilty of maintaining a nuisance, have not been prosecuted.

The board of health of the city of Yonkers has power to ordain in its sanitary code that ''whatever is dangerous to human life or health, * * * and whatever renders the air or food and water or drink unwholesome are declared to be nuisances and to be illegal, and every person having aided in creating or contributing to the same, or who may support, continue or retain any of them, shall be deemed guilty of a violation of this section,'' and to ordain a penalty of $100 for the violation of such section.

The board of health may maintain an action in the Supreme Court to recover the above penalty, and to enforce the provisions of the above section, by compelling the defendant to destroy a dam maintained by him, and by enjoining the rebuilding of any obstruction to the current of the water in a stream, where the proof shows that to be the only effective way to abate the nuisance.

An action cannot be maintained to enforce a penalty for disobedience of a resolution by the board of health directing the removal of a dam, passed without notice to the parties to be affected thereby.

The board of health has power to prohibit the rebuilding of a dam, after its destruction, as being a nuisance, and thereby prevent a nuisance; it is not compelled to wait until the dam is rebuilt, and then adjudge it to be a nuisance.

APPEAL by the defendant, John Copcutt, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Westchester county on the 25th day of March, 1893, upon a decision of the court rendered after a trial by the court at the Westchester Special Term.

The action was brought to recover three penalties of $100 each — one for a violation of the general provisions of the sanitary code adopted in 1881; one for a violation of an ordinance especially relating to defendant's property, adopted on December 7,

1892, which required the defendant to remove from the channel of the Nepperhan river all obstacles which interrupted its flow, and the dam owned by him, and to clean out and wall up the channel of the river; one for a violation of another ordinance, also especially relating to defendant's property, adopted on December 7, 1892, requiring the defendant to refrain from rebuilding his dam and continuing his pond after the dam had been partially torn down pursuant to a warrant of the plaintiff board of health, and to remove the obstructions in the said river where the dam theretofore existed. The plaintiff also asked for an injunction restraining defendant from obstructing the natural flow of said river, and from rebuilding his dam, and from re-creating and continuing his pond, etc., also, that he be required to clean out and wall up the channel of said river, and to provide a stone bottom to said channel, and fill in with earth the low places upon his land adjacent to said river.

*R. E. Prime* and *Calvin Frost*, for the appellant.

*James M. Hunt*, for the respondent.

Pratt, J.:

This is an appeal by defendant from a judgment of the Westchester Special Term, after a trial before a judge without a jury.

The action was brought by the board of health, directly pursuant to section 2 of title 9 of chapter 184 of Laws of 1881, to enforce obedience to its requirements.

Several important questions are raised by this appeal, but the facts are not open to much discussion, as there is no certificate that the case contains all the evidence, and we must, therefore, assume that the findings are supported by the proofs.

Neither is it necessary to discuss the principles upon which the judgment is founded, as that subject was fully discussed in the opinion rendered at the Special Term.*

But, even assuming that the appeal book contains all the testimony, it is established to a reasonable certainty that the pond in question was an intolerable nuisance and dangerous to life and health, and the fact that others besides the defendant contributed to

---

* The Special Term opinion is given, *ante*, page 87, in connection with the case of *People ex rel. Copcutt* v. *Board of Health*.

it, and even the city of Yonkers itself, by discharging sewer matter into it, does not relieve the defendant from responsibility for its condition, for it was his act in maintaining the dam that kept the foul substance confined in the pond.

Neither is it any excuse for the defendant that others guilty of creating or maintaining a nuisance have not been prosecuted.

The first cause of action is for a penalty under section 82 of the sanitary code of the city of Yonkers. Chapter 184 of Laws of 1881, section 2, title 9, provided as follows : "And the board of health is hereby authorized and empowered to establish, etc., * * * regulations as may be necessary to carry into effect the powers of said board, and to enforce observance of its sanitary code * * * by imposing penalties," etc.

Pursuant to the power thus conferred, the board of health duly adopted and published a sanitary code, in section 82 of which it was provided : "Whatever is dangerous to human life or health * * * and whatever renders the air or food and water or drink unwholesome are declared to be nuisances and to be illegal, and every person having aided in creating or contributing to the same, or *who may support*, continue or retain any of them, shall be deemed guilty of a violation of this section."

And section 97 of the sanitary code provides for the penalty for a violation of section 82, or any other section of the code, as follows :

"Every person violating any of the provisions of this sanitary code, or any ordinance, by-law, rule, order, resolution or regulation of the board of health of the city of Yonkers, shall, for each and every such offense, forfeit and pay a penalty of one hundred dollars, which penalty shall be recovered, with costs, in an action brought by said board of health in its name in any court of competent jurisdiction. Such violation is also liable to be restrained by injunction."

The proof made out a clear case of maintaining a nuisance under section 2, title 9 of chapter 184 of the Laws of 1881, and of violating section 82 of the sanitary code, and the defendant was properly held liable to the plaintiff for such violation in the sum of one hundred dollars ($100) and costs, and the court properly restrained and prohibited the defendant from continuing to maintain his pond in the Nepperhan river or stream, upon the ground that such pond

is, necessarily, a nuisance. This was a part of the relief sought for by the complaint.

It should be observed that section 2, title 9 of chapter 184 of the Laws of 1881, contains, also, the following provisions in regard to the power of the board of health of the city of Yonkers:

"In addition to the powers herein expressly granted, to have and exercise all the powers now or at any time hereafter conferred upon boards of health in cities by any general law."

The plaintiff has, therefore, all the powers that were under discussion in the case of *Gould* v. *The City of Rochester* (105 N. Y. 46). Under this decision of the Court of Appeals, plaintiff had full power to ordain the section of the sanitary code now under consideration, and also to enforce the same in such an action as the present. The proof showed that the only effectual way to abate the nuisance was to destroy the dam, and enjoin the rebuilding of any obstruction to the running current of the water.

The second cause of action is for disobeying directions of the board of health in regard to removing the dam and clearing out the pond, etc.

It is to be observed in regard to this cause of action that the defendant had no notice of the proposed action of the board of health; he only had notice of the resolution directing him to remove the dam, after it was passed. Again, at this time the board did not adjudge the dam to be a nuisance, or the cause of any nuisance.

We think an action cannot be maintained to enforce a penalty for a disobedience of such a resolution passed without notice to the parties to be affected thereby. (*People* v. *Wood*, 62 Hun, 131.)

The remedy of the board of health was to abate and remove the nuisance, if one existed, and charge the expense upon the owner of the land, not to order him to do it, and impose a penalty for failure to do so. It will not do to say that the facts proved upon the trial of the case justified a judgment upon this count in the complaint, as the defendant was on trial for a violation of this specific ordinance, and if the ordinance was insufficient the defendant must be acquitted of the charge under it. The finding, therefore, under the second cause of action must be reversed.

The answer of the defendant by not denying it, admits that the resolution which proved the basis of the third cause of action, was

duly served upon him, and he conceded that it has been violated and disobeyed.

It is objected on the part of the defendant that the board had no power to prohibit the rebuilding of the dam and thereby prevent a nuisance, but that the board must wait until it was rebuilt and then adjudge it a nuisance.

It might as well be said that the board could not prohibit a load of cholera-infected clothing from coming into the city, but must wait its arrival before taking measures to abate the nuisance. It was simply a means taken to prevent the increase or renewal of what had already been adjudged a nuisance dangerous to life and health. We think the resolution was reasonable and proper, and within the powers conferred on the board of health.

The judgment should be affirmed as to the first and third causes of action, and reversed as to the second; also affirmed as to the injunction.

We find no exceptions disclosing error sufficient to reverse the judgment.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed as to the first and third causes of action, and reversed as to the second, without costs to either party on this appeal.