(5 Misc. Rep. 159.)

### SCHOEPFLIN et al. v. CALKINS et al.

(Supreme Court, Special Term, Erie County. September, 1893.)

1. OFFICERS—ACTION OF MAJORITY—VALIDITY.

Proceedings by the board of health, had in the absence of one member of the board, and without notice to him of the meeting, are invalid, under 4 Rev. St. (8th Ed.) p. 2726, § 27, providing that wherever a duty is required to be performed by three or more persons, "and one of them * * * shall refuse or neglect to attend a meeting of such persons upon reasonable notice thereof, then the action of a majority of the whole number appointed shall be binding."

2. BOARD OF HEALTH—NOTICE OF PROCEEDINGS.

An order of the board of health declaring defendants' rendering factory a nuisance is invalid where it is made without notice to defendants.

**3. STATUTES—REPEAL—EFFECT AS TO PENDING ACTIONS.**

The repeal of a statute without any reservation takes away the remedies given by the repealed statute, and defeats actions pending under it at the time of its repeal.

Action by Charles Schoepflin and others, constituting the board of health of the town of West Seneca, against John Calkins and Herbert H. Davis, to have the rendering establishment of defendants declared a nuisance, and to enjoin the operation of the same. Complaint dismissed.

Devoe P. Hudson, for plaintiffs.

Tichnor & Pierce, for defendants.

WARD, J. The plaintiffs were the board of health of the town of West Seneca, in Erie county, and they attempted to organize as such board on the 17th day of March, 1892, pursuant to chapter 270 of the Laws of 1885, and made an entry of their proceedings as follows:

"West Seneca, March 17, 1892.

"The board of health, having met for reorganization as such board, moved and carried that Charles Schoepflin be elected as president of the board of health, and John Huber as secretary, Charles Hoffman, citizen at large, and Dr. F. H. Ehinger, health physician,"

—And after appointing a recorder the meeting was adjourned. Prior to the 4th of February, 1893, complaints had come to the board, signed by various residents of the town of West Seneca in the vicinity of the defendants' rendering works, which complaints were in writing, concerning the same. The board on that day, without any notice to the defendants, made and entered in their minutes the following order:

"Meeting of the health board of West Seneca. Present: Charles Schoepflin, president, F. Gundelack, Robert L. Ewald, John Huber, health physician, Dr. F. H. Ehinger, and James F. Ryther, (all members of the board except the health physician.) There having been served six written complaints by residents of this town to the president of this board, against the rendering establishments or works carried on on the Cazenovia creek by Herbert H. Davis and John Calkins, for distributing disagreeable and unhealthy odors, the board visited and inspected such works in a body, and the board decided that the running of the refuse or residuum into the creek, and the stench arising from boiling and drying dead animal matter, and carried by the breezes into the houses of residents, is a public nuisance, and detrimental to public health; and the said Herbert H. Davis and John Calkins are hereby directed to abate such nuisance within two weeks, and the clerk of this board is hereby directed to notify them of the action of this board," etc.

The citizen member, Hoffman, did not attend this meeting, nor was he notified to attend it, as was shown upon the trial. Subsequently the notice of this order of the board was communicated to the defendants. They failed to comply with it, and subsequently, and on the 25th of February, 1893, the board, by resolution, directed the commencement of this action to enforce compliance with the order, and it was accordingly brought.

The plaintiffs' case is beset with difficulties which seem insurmountable. By the second section of chapter 270 of the Laws of 1885 it is made the duty of the supervisor, justices of the peace,

and the town clerk of the towns to meet in their respective towns within 30 days after the town election in each year, and elect a citizen of such town, of full age, who, with them, shall constitute the board of health of such town for one year, or until their successors are chosen. Consequently, there can be no organization without the selection of this citizen. The proceedings above cited show the manner of his selection; and it may be doubted whether what was done constituted a selection. But, assuming that it did, he seems to have had no notice of his appointment, or in any manner entered upon his duties, or had any notice whatever of the important meeting, or took any part in the proceedings of February 4th that decided that the defendants' works were a nuisance, and should be abated. By section 27, tit. 17, c. 8, of the third part of the Revised Statutes,[1] as amended by chapter 321 of the Laws of 1874, it is provided that "whenever any power, authority or duty is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed by a majority of such persons or officers, upon a meeting of all the persons or officers so intrusted or empowered, unless special provision is otherwise made; and whenever a duty has been, or shall be enjoined by law upon three or more persons or officers, and one of them shall have died, or become mentally incapacitated to act, or shall refuse or neglect to attend a meeting of such persons upon reasonable personal notice thereof, then the action of a majority of the whole number appointed shall be binding and effective," etc. And see Gildersleeve v. Board, 17 Abb. Pr. 201, and cases cited; 5 Abb. N. Y. Dig. 238, § 138, and cases cited. This was a modification of the common-law rule upon the subject, which required all the persons or officers to meet and confer. Johnson v. Dodd, 56 N. Y. 79, and cases cited. The objection is taken by the defendants that the order is invalid because the citizen member of the board neither attended the meeting of February 4th, nor was he notified to do so. This objection seems to be well taken.

The defendants also object that the order cannot be enforced and is invalid because no notice was given to the defendants, that they might be heard in their own behalf, before the order was made; and citing People v. Board of Health, 58 Hun, 595, 12 N. Y. Supp. 561, a decision of the general term of this department, and People v. Wood, 62 Hun, 131, 16 N. Y. Supp. 664, which seem to sustain this objection. The counsel for the plaintiffs insists that these cases do not apply, inasmuch as this is an equitable action, and simply seeks to restrain the continuance of a nuisance. I do not think this distinction can be made. If this action is maintained, and the relief sought by it secured, the effect will be to render valueless, or substantially so, the structures erected by the defendants to carry on their business, and destroy their business, and such far-reaching consequences cannot be imposed upon the

[1] 8th Ed., vol. 4, p. 2726.

defendants by an order made by the board of health without any notice to them, or any opportunity before the order is made to be heard as against the complaints upon which the board were acting.

Another objection which seems equally fatal to this action, though not raised upon the trial or made by counsel, I am bound to take notice of. This action was commenced early in the spring of 1893, and the answer served in March, tried in July, and submitted upon points. The legislature, by chapter 661, passed an act in relation to the public health on May 9, 1893, which took effect immediately. By this act, chapter 270 of the Laws of 1885, above referred to, was entirely repealed without any reservation or saving clauses, as I have been able to discover, as to actions commenced prior to the passage of the act of May 9th. Therefore the law under which this action was brought, and which authorized the relief sought by it in proper cases, was absolutely repealed at the time of the trial, and is no longer in existence. The effect of this repeal upon this action has been determined by the general term of the fifth department in the case of Hughson v. City of Rochester, 49 Hun, 45, 1 N. Y. Supp. 725, which was an action like this, to restrain the defendant from continuing a nuisance, and polluting certain streams by discharging the contents of its sewers. That action was brought under chapter 351 of the Laws of 1882, which provided such a remedy, and which was repealed pending that action (the action having been commenced in 1884) by chapter 270 of the Laws of 1885, which has now been repealed. The reasoning of the learned judge in that case, concurred in by all his associates, and the authority cited, reviews the whole question, and clearly settles the question as to the effect of this repeal. The act of May 9, 1893, does not even preserve the right to an injunction in these cases, but enlarges the powers of the court as to the remedy by mandamus. Indeed, it hardly requires the citation of authorities to establish the principle that the repeal of the statutes providing remedies carries the remedy with it. It follows from this that the plaintiffs' complaint must be dismissed, though without costs against the plaintiffs, as the plaintiffs proceeded in good faith, and the rendering establishment of the defendants as conducted, as appears by the evidence, was a nuisance, and should be abated. No costs allowed to either party.