(17 App. Div. 603.)

PEOPLE ex rel. GOVERS v. VILLAGE OF NEW ROCHELLE et al.

(Supreme Court, Appellate Division, Second Department.  May 11, 1897.)

1. TAXATION—ASSESSMENT— NOTICE TO TAXPAYERS.
    The requirement of a village charter that notice of the completion of the assessment roll shall be given by advertisement in a newspaper, and that a copy of the assessment shall be left for a certain time with the village clerk for public inspection, is jurisdictional.

2. CERTIORARI—WHEN LIES—JUDICIAL FUNCTIONS.
    The action of village trustees in auditing bills is judicial, and may be reviewed on certiorari.

Certiorari by Robert Govers to review the proceedings of the village of New Rochelle and William H. Matthews and others, constituting the board of health of said village, in relation to the construction of a drain by the board of health, and auditing the expense thereof, and the levying of an assessment on the taxable property of said village for the purpose of raising money to pay for the drain. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. A. Young, for relator.

Michael J. Tierney, for respondent village of New Rochelle.

R. McKinlay Power, for respondent board of health.

GOODRICH, P. J. The village of New Rochelle is a municipal corporation organized by a special act of the legislature, and the other defendants constitute the board of health of the village, pursuant to chapter 661, Laws 1893, known as the "Public Health Law." In June, 1896, a complaint was made to the board of health that a nuisance existed upon the lands of one O'Connor and of one Kendall, resulting from the emptyings of an old drain. After investigation, the board of health ordered the suppression and removal of the nuisance, and directed Mehrer, one of its members, to abate it; and in pursuance of this order a drain was constructed under the direction of Mehrer, a quarter or half mile in length, at a cost of $2,192.34,—the board of health buying the material for and constructing the drain by day's work. The bills for the work were presented to the board of trustees of the village, which audited and allowed the same, and on January 14, 1897, levied the annual assessment for 1897 upon the taxable property of the village, including the cost of the drain. The relator, a taxpayer in the village, on February 11th. and before the delivery of the warrants for the collection of the assessment, which was on March 19th, commenced this proceeding to have the actions of the board of health and the village declared illegal, on the ground that the cost of the drain was not a legal charge upon his property. Sections 21 and 25 of the public health law confer upon the board of health power, without publication, to make such orders and regulations for the suppression of nuisances, and concerning all other matters in its judgment detrimental to the public health, in special or individual cases, not of general application, and to serve copies thereof upon the owner or occupant of any premises whereon such nuisances or other matters may exist, or to post the same in some conspicuous place thereon. In each case the board of health is to furnish the owners, agents, and occupants with a written statement of the results and conclusions at which they have arrived. It does not appear that any such notice was posted or served. The village charter provides that when any tax is to be levied the same shall be apportioned among the taxable inhabitants and their property; that notice shall be given of the completion of the assessment rolls, to be advertised in not more than two of the village

newspapers for two consecutive weeks; that a copy of the assess-
ment shall be left with the village clerk for public inspection dur-
ing 20 days from the first publication of such notice, and notice
given of the time and place where the assessors will meet to re-
view the said assessment upon the application of any person ag-
grieved, after which the levy of the annual taxes shall be made.
The assessment roll, which included the expense of the drain, was
made up on January 14, 1897, and the warrant was issued on Feb-
ruary 1st, which was prior to the expiration of 20 days from Jan-
uary 14th. In the case of Stuart v. Palmer, 74 N. Y. 183, it was
held that:

"The constitution sanctions no law imposing such an assessment without a
notice to, and a hearing or opportunity of a hearing by; the owners of the
property to be assessed. It is not enough that the owners may by chance have
notice, or that they may as a matter of favor have a hearing. The law must
require notice to them, and give them the right to a hearing and an opportunity
to be heard. It matters not, upon the question of the constitutionality of
such a law, that the assessment has in fact been fairly apportioned. The con-
stitutional validity of law is to be tested, not by what has been done under it,
but by what may by its authority be done. The legislature may prescribe
the kind of notice, and the mode in which it shall be given, but it cannot dis-
pense with all notice."

The record shows that the drain in question was connected with
the public sewerage system of the village, and it is at least open
to question whether the construction of the drain, which is in real-
ity a sewer, should not have been undertaken by the village au-
thorities, instead of by the board of health. Section 21, before re-
ferred to, confers upon the board of health power to certify to the
village trustees the insufficiency of the sewers, upon which the
trustees are required to make the necessary additions and altera-
tions; and section 31 of the public health law confers upon the
board of health the power to compel the village authorities to com-
ply with its orders in this respect. The giving of the notice of the
completion of the tax roll, the deposit of it with the village clerk,
and the advertisement of these facts, with notice of opportunity to
review, were not complied with by the assessors, and each of these
incidents is a jurisdictional fact necessary to make the levy of
taxes lawful.

The learned counsel for the respondent claims that on certiorari
the court will not review any matter, order, or proceeding that is
not judicial in its nature; that in the auditing of these bills the
authorities of the village exercised no judicial functions at all.
We cannot agree with this contention. In the case of Osterhoudt
v. Rigney, 98 N. Y. 222, a similar question was under consideration;
and the court held that an action by a taxpayer to vacate an audit
might be maintained, but also held that certiorari would lie, and
that powers exercised by boards of audit are judicial in their na-
ture. See, also, U. S. Trust Co. of New York v. Mayor, etc., of New
York, 144 N. Y. 492, 39 N. E. 383. In the case of People v. Barnes,
114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739, the court held a similar
doctrine, and these and other authorities are conclusive on the right
to maintain this proceeding.

The determination of the board of trustees of the village in levying the annual assessment for taxes of the year 1897 is annulled, with $10 costs and disbursements.　All concur.