(24 App. Div. 579.)

PEOPLE ex rel. KEEFFE v. AUDITORS OF TOWN OF QUEENSBURY.

(Supreme Court, Appellate Division, Third Department.   January 20, 1898.)

1. TOWNS—COMPENSATION OF SUPERVISOR.
   Under Laws 1890, c. 569, § 178, providing for a per diem allowance to town officers for services, a town supervisor is not entitled to a percentage for receiving and paying out moneys of the town as contingent expenses, within section 180, providing for the payment of such expenses as a town charge.

2. SAME.
   A town supervisor advising and consulting with other town officers, and employing counsel in proceedings to correct an assessment roll, would be entitled to no compensation therefor, other than an allowance of two dollars for each day necessarily devoted to the service of the town, as provided by Laws 1890, c. 569, § 178.

Certiorari, on the relation of Daniel F. Keeffe, to review the proceedings of the town auditors of the town of Queensbury in auditing the account of relator as supervisor of such town.   Confirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

A. & L. Armstrong, for relator.

James H. Bain, for defendants.

PARKER, P. J.   The relator presented to the town auditors of the town of Queensbury a bill for services rendered by him as supervisor of such town, and requested them to audit the same.   Among the items of such bill were two which were rejected, to wit:   One amounting to $771.64, being 1 per cent. for receiving and 1 per cent. for paying out moneys belonging to the "school fund, the dog fund, the soldiers' fund, the town audits, and the poor fund of such town".; the other, of $100, for services in advising and directing overseers of the poor, and consulting with highway commissioners and town assessors, and services in employing counsel in proceedings to compel the correction of the town assessment roll ·by the board of supervisors.   Such items were rejected on the ground that `they were not lawful charges against the town, and the only question presented by this proceeding is whether such determination of the board of town auditors is a correct one.

Laws 1890, c. 569, § 178, which was in force when this bill was presented, provides as follows:

"The following town officers shall be entitled to compensation at the following rates for each day actually and necessarily devoted ·by them to the service of the town, in the duties of their respective offices, when no fee is allowed by law for the service:  (1) The supervisor (except when attending the board of supervisors), town clerks, assessors, * * * two dollars per day, each of them."

We have not been referred to, nor do I find, any provision of law allowing to the supervisor a percentage for receiving and paying out the moneys of the town which come into his charge; nor is any fee whatever given him for that service.   Within the provisions of section 178, above cited, therefore, his compensation would seem to be fixed at the rate of two dollars per day.

It is claimed, however, upon the part of the relator, that such compensation cannot be applied to such services; that they are extended throughout the whole year, and often the payments are very small sums, and occupy but a few moments' time; and that it is therefore impracticable to adjust to such services a per diem allowance. They further argue that because these services are required by law from the supervisor, and because neither a fee nor a per diem compensation is by law given him, therefore they become "contingent expenses" of the town, and that, therefore, under the provisions of section 180 of the act above cited, they are proper charges against the town. The duty of receiving and paying out the funds above specified does not depend upon any "future uncertain event." So far as it is a duty at all, it is required from him annually, as a part of his regular official work; and I cannot therefore concur in the claim that compensation for such services can in any sense be deemed a "contingent expense." People v. Yonkers, 39 Barb. 266–272. If such services cannot be compensated by the per diem allowance, the inference is that the legislature intended that they should be rendered without compensation, rather than that they should be paid for as "contingent expenses." This intent is suggested by the language of section 180, which reads as follows:

"The following shall be deemed town charges: (1) The compensation of town officers for services rendered for their respective towns. (2) The contingent expenses necessarily incurred for the use and benefit of the town."

Here compensation for services of town officers is put in one category, and "contingent expenses" are put in another, and, although both are made town charges, yet neither is included within the other.

This same intent is further indicated by the provision of section 3280 of the Code of Civil Procedure, which in terms seems to be broad enough to cover this precise case. In that section it is provided as follows:

"Each public officer upon whom a duty is expressly imposed by law must execute the same without fee or reward, except when a fee or other compensation therefor is expressly allowed by law."

I conclude, therefore, that a supervisor is not entitled to any compensation for receiving and paying out the moneys of the town, other than the per diem allowance given by section 178, above cited; and unless that section can be made applicable, he can make no charge whatever against the town for such services.

As to the other item, of $100, if the services therein charged for were official duties required from him, his compensation for the same is found in the per diem allowance above referred to. Such services could easily be adjusted to a per diem allowance, and are therefore fully provided for by section 178. But if they are not, for the reasons above given, they cannot be deemed "contingent expenses," and hence are not a proper charge against the town. The determination of the board of audit was therefore correct, and should be confirmed.

Determination of the board of town auditors of the town of Queensbury confirmed, with $50 costs and disbursements. All concur.