PEOPLE ex rel. REMINGTON v. MANNING et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

1. TOWN BOARD—AUDIT OF CLAIM.
   Laws 1890, c. 569. § 162 (Town Law), as amended by Laws 1897, c. 481, § 19, provides that, where a town board allows an account in whole or in part, it shall make a certificate to that effect, stating, if allowed in part, items or parts of items allowed, and the items or parts of items rejected, and deliver to the clerk and supervisor of the town duplicates thereof. Held, that the duty imposed was mandatory.

2. SAME—REQUIREMENTS—HOW ENFORCED.
   This duty may be enforced by mandamus on the application of any citizen of a town, as well as on the application of a person having an account against it which was not audited in the manner provided.

3. SAME—DEFENSE.
   It is no defense to an application by a claimant to compel compliance with this requirement, that he has accepted an order for the amount allowed him.

Appeal from special term, Monroe county.

Application by the people, on the relation of Edwin C. Remington, against William L. Manning and others, constituting the board of the town of Brighton, Monroe county, N. Y. The application was denied, and relator appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Myron T. Bly, for appellant.
Edwin C. Smith, for respondents.

FOLLETT, J. This special proceeding was begun January 27, 1898, by the service of an order requiring the defendants to show cause why a mandamus should not issue out of and under the seal of this court, directed to and commanding them as such town board to forthwith convene, and make a certificate to the effect that the account of Edwin C. Remington, as commissioner of highways of said town, presented to said board at its second meeting, on or about the 7th day of October, 1897, for $274, is allowed in part, and state in such certificate the items or parts of items allowed and the items or parts of items rejected, and commanding them to cause a duplicate of such

certificate to be made, and to deliver the certificate to the town clerk of said town, and deliver a duplicate to the supervisor of said town, and for such other and further relief in the premises as shall be just March 3, 1896, the relator was duly elected and qualified as commissioner of highways of the town of Brighton, and entered upon the discharge of his duties, and so continued during the years 1896 and 1897. On the Thursday next preceding the annual meeting of the board of supervisors of the county of Monroe in 1897, being the second meeting of said town board in 1897, the relator presented to said board his verified account for services and disbursements as commissioner of highways during the previous year, which amounted to $274. The town board audited said account and deducted therefrom $20. The town board neglected to make and file a certificate of its audit, as required by section 162 of chapter 569 of the Laws of 1890 (the Town Law), as amended by section 19 of chapter 481 of the Laws of 1897, which provides:

"Sec. 162. Meeting of Town Board for Auditing Accounts. The meeting of the town board held on the Thursday preceding the annual meeting of the board of supervisors, shall be for the purpose of auditing accounts and allowing or rejecting all charges, claims and demands against the town. If any account is wholly rejected, the board shall make a certificate to that effect, signed by at least a majority of them, and file the same in the office of the town clerk. If the account is allowed, wholly or in part, the board shall make a certificate to that effect, signed by at least a majority of them, and if allowed only in part, they shall state in the certificate the items or parts of items allowed, and the items or parts of items rejected, and shall cause a duplicate of every certificate allowing an account, wholly or in part to be made. One of which duplicates shall be delivered to the town clerk of the town, to be kept on file for the inspection of any of the inhabitants of the town; and the other shall be delivered to the supervisor of the town, to be by him laid before the board of supervisors of his county at their annual meeting. The board of supervisors shall cause to be levied and raised upon the town the amount specified in the certificate, in the same manner as they are directed to levy and raise other town charges."

There is no dispute about the facts in this case. The defendants do not assert that they complied with the foregoing section. The only defense interposed is that the relator's account was audited at $254, and that the board of supervisors issued an order to the relator for that amount, which was paid to him. The section above quoted was passed for the benefit of the taxpayers of towns as well as for the persons having claims against towns, and it was designed by this provision to compel town boards to make a record of the charges which they audited against towns, so that the taxpayers may be advised how the money of the town is expended, and so the claimants may know what parts of their accounts are allowed and disallowed. It is a wise statute, and should be strictly enforced. The duty imposed being a public one, and for the benefit of all taxpayers, it should be strictly complied with by town boards as to every account presented, and, if not complied with, it should be enforced by the courts upon the application of any citizen of the town, as well as upon the application of a person having an account against the town which is not audited in the manner provided by the section.

A writ of mandamus to compel public officers to discharge their public statutory duties may issue on the relation of a citizen, though

the relator has no pecuniary or personal interest in the performance of such duties.    People v. Daley, 37 Hun, 461; People v. Meakim, 56 Hun, 626, 10 N. Y. Supp. 161, affirmed in 123 N. Y. 660, 26 N. E. 749; People v. Board of Trustees of Village of Whitestone, 71 Hun, 188, 24 N. Y. Supp. 532; People v. Richmond, 5 Misc. Rep. 26, 25 N. Y. Supp. 144.

The defense that the claimant has received pay on the order is no defense to this proceeding.    When the question arises whether a further sum can be recovered by the relator, the effect of the acceptance by him of the order will be a question to be considered.

The refusal of the defendants to audit this account as provided by law seems to be without excuse.    The members of the board do not urge that they were ignorant of the provisions of the statute, nor do they set forth any reason for disobeying it.

The order should be reversed, with costs, and the motion granted commanding the board to reassemble and reaudit the account as provided by the section, with $50 costs and disbursements, payable by the defendants to the relator.    All concur, except WARD, J., not voting.