(43 App. Div. 22.)

### PEOPLE ex rel. HAMM v. BOARD OF AUDITORS OF TOWN OF CARROLLTON.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. TOWN AUDITING BOARD—CLAIMS—ALLOWANCE.
    Under Laws 1890, c. 569, § 162, which provides that the auditing board of a town shall, if it allows an account in whole or in part, make a certificate to that effect, and, if allowed it only in part, shall state in the certificate the items or parts of items rejected, which certificate shall be filed for inspection by any person interested, a person presenting a claim is entitled to have the board pass on his claim item by item, and, if they refuse so to do, mandamus will lie.

2. SAME—MANDAMUS—DEFENSE.
    Mandamus will lie to compel the auditing board of a town to meet and audit a claim presented, and to give the claimant notice of such meeting, so that he may be present; and the fact that pursuant to a previous alternative writ they met and disallowed the claim is no defense thereto where the claimant was not notified of the meeting, and was not present thereat.

Appeal from special term, Erie county.

Application for mandamus, on the relation of John Hamm, against
the board of town auditors of the town of Carrollton. From an or-
der directing the issuance of a peremptory writ, respondents ap-
pealed. Affirmed.

During the years 1895 and 1896 the relator was commissioner of highways
of the town of Carrollton, in the county of Cattaraugus. In the fall of 1895
he presented his account, duly itemized and verified, amounting to $198.74, to
the town board for audit. The auditing board allowed the same at the gross
sum of $60, without any specification as to the items allowed or those rejected.
This claim was presented to the board of supervisors, and an order, signed by
its clerk, for that sum, was tendered to the relator, which he refused to accept.
In the year 1896 the same account, in the same form, was again submitted
to the town board for audit, with his account in items, duly verified, for the
year 1896, aggregating $180.50. The auditing board allowed this claim at the
gross sum of $60, which the relator also declined to accept. On the 23d day
of November, 1896, upon the petition of the relator, an alternative writ of
mandamus was issued out of this court, requiring the town board to meet forth-
with, and pass upon the accounts of the relator, item by item. In response to
this writ, the town board did assemble, without notice to the relator, and in
his absence, and summarily rejected both accounts, and each and every item
thereof. On the 29th of December the alternative writ was vacated by an
order of the special term of this court by reason of an irregularity. On the
12th day of January, 1897, another alternative writ was issued, and a return
thereto was made, and a trial had on the merits, before a referee, who decided
that the relator was entitled to judgment directing a peremptory writ of man-
damus to issue commanding the defendants to assemble, and audit the accounts
of the relator, item by item, giving the relator five days' notice of this meeting.
An order was granted at special term on the 15th day of December, 1898, di-
recting the issue of the peremptory writ in pursuance of the report of the
referee, and the defendants appealed from that order. The evidence which
was taken before the referee is not contained in the record.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,
SPRING, and NASH, JJ.

Hudson Ansley, for appellants.
M. B. Jewell, for respondent.

SPRING, J.   The relator, as commissioner of highways of the
town, was charged with the care and supervision of its highways.
He was not an officer serving without compensation, but was enti-
tled to two dollars per day for his services in the performance of his
official duties. It was incumbent upon him to make out his account
by items, and present the same to the town board for audit, which
he did. In the fall of 1895 the account was not only itemized, but
divided into three subdivisions; one comprising the items for his
services each day as commissioner, one for the work with teams, and
one, aggregating $23.85, money he had expended in the prosecution
of his official duties. Section 162, c. 569, Laws 1890, which is the
town law, provides as follows:     •

"If any account is wholly rejected, the board shall make a certificate to that
effect, signed by at least a majority of them, and file the same in the office of
the town clerk. If the account is allowed, wholly or in part, the board shall
make a certificate to that effect, signed by at least a majority of them, and if
allowed only in part, they shall state in the certificate the items or parts of
items allowed, and the items or parts of items rejected, and shall cause a dupli-
cate of every certificate allowing an account, wholly or in part, to be made,
one of which duplicates shall be delivered to the town clerk of the town, to

be by him kept on file for the inspection of any of the inhabitants of the town; and the other shall be delivered to the supervisor of the town, to be by him laid before the board of supervisors of his county, at their annual meeting."

See People v. Manning, 37 App. Div. 141, 55 N. Y. Supp. 781.

The object of this salutary provision is plain. The town board acts judicially, and its duty is to pass upon each item, so the entire account will receive its attention. If any of the items are improperly disallowed, the person presenting the account is entitled to know precisely what those items are. He may be able to present satisfactory proofs of the justice of the rejected items, or he may wish to review the action of the board. The town board in this case disregarded this requirement of the statute. An examination of the relator's account for each year fails to show any item or part of the account justifying an allowance of $60 and the rejection of the balance. The items for services the first year aggregated $107.50, and for team work, $67.29; and the account for the second year is made up of items for team work, and services rendered by the commissioner. The date and character of each item was given. An inspection of the accounts indicates nothing requiring criticism, as the items are evidently those arising from the fulfillment of his official duties, and are such as are usual in the annual account of a commissioner of highways. In fact, it is quite apparent that the action of the board in making a wholesale allowance of $60 was not due to any falsity or error in the accounts presented. The justification sought to be made is dependent upon something extrinsic of the matters involved in the accounts.

It is claimed the relator is guilty of misconduct in disbursing the commutation money which he received from corporations assessed in said town; that he failed to pay these moneys to the proper overseers of the road districts, but used them in paying his own employés, and for the use of his own teams, in working his highways. If the relator is charged with dereliction of duty, or with misappropriation of the public fund, the town board cannot adjudge him guilty. Its duties are limited to the auditing of the claims presented to it. It is neither a court to inquire into the general management of affairs intrusted to the town officers, nor do its members possess the functions of a jury to pass upon the guilt or innocence of the officials of the town. Its investigation is ex parte. With a serious charge inculpating the relator as a public official, he is certainly entitled to be heard in court, and to be confronted with the witnesses against him. The issues involved in the trial, raised by the return to the alternative writ, have been determined adversely to the defendants by the learned referee, and the relator is now entitled to the decision of the board upon each item presented to it. Ramsdale v. Board, 8 App. Div. 550, 40 N. Y. Supp. 840. The order directing the peremptory writ does not require the defendants to allow the accounts of the relator, but to pass upon them; in fact, that it perform the statutory duty it omitted to perform when the accounts were first before it.

It is contended that the action of the board in December, 1896, in assembling after the granting of the first alternative writ and dis-

allowing the accounts in toto, was a judicial determination. This action was taken in the absence of the relator, and during the pendency of proceedings to enable him to ascertain the precise grounds of the previous rejection of the major part of his accounts. Why the board first allowed each account at the lump sum of $60, and then, at a subsequent secret sitting, disallowed the same, does not appear. The accounts were the same, and no new facts seem to have arisen. The relator is entitled to a fair and circumspect examination of his accounts, after proper notice to him. If they are intrinsically wrong, then the errors should be made known to him. If they are rejected in full or in part, because of his misconduct in office, then he should be apprised of that fact, and of the measure taken of his official culpability by the board. The board is a continuous entity, and had not lost its authority to act upon these accounts because of a change in its personnel. People v. Smith, 83 Hun, 432–437, 31 N. Y. Supp. 749. Inasmuch as the board has not passed upon the accounts as the statute directs, this omission can be reviewed by mandamus. The rule is not in conflict with the cases holding that, where the auditing board has acted as the statute directs, its determination can only be reviewed by certiorari. In People v. Barnes, 114 N. Y. 317, 21 N. E. 739 (per curiam opinion, beginning at page 327, 114 N. Y., and page 739, 21 N. E.), and People v. Village of New Rochelle, 17 App. Div. 603, 45 N. Y. Supp. 836, and kindred cases, the auditing board had exercised its functions in compliance with the statute, and it was held that certiorari was the proper remedy to review this action. The relator here was seeking primarily to obtain the judicial exercise of power by the town board. When that has been secured, the review may necessarily be by another remedy.

The order is affirmed, with costs and disbursements to the respondent. All concur.