### In re MEFFORD.

(Supreme Court, Appellate Division, Fourth Department. May 16, 1906.)

TOWNS—CLAIMS—ALLOWANCE—EFFECT.

    Under Town Law, Laws 1890, p. 1211, c. 569, § 162, as amended by Laws 1897, p. 610, c. 481, authorizing the town board to audit accounts and allow claims against the town, the decisions of a town board in allowing a claim for services in excavating earth, though erroneous, because based on an error in the amount of earth excavated, has the verity of a judgment unless reversed in a proper proceeding; and a supervisor having funds in his hands for the payment of the claim cannot refuse to pay on the ground that the amount allowed is in excess of the sum to which the claimant is entitled.

Appeal from Special Term, Livingston County.

Application by the people, on the relation of Charles Mefford, for a

writ of peremptory mandamus against Charles H. Swarts to compel respondent to pay over certain moneys. From an order refusing a peremptory writ, the relator appeals. Reversed, and motion for peremptory writ granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Newton B. Gorham, for appellant.
Robert Pratt, for respondent.

SPRING, J. The relator, pursuant to a contract with the defendant as supervisor of the town of Sparta in said county of Livingston, made in September, 1904, performed services in excavating earth in constructing a subway railroad crossing in one of the highways of said town. The contract price for the excavating was 26 cents per cubic yard, and the relator ceased work in August, 1905. He and the defendant, as supervisor, thereafter agreed to submit the question of the quantity of earth removed to one Morris, a surveyor. Morris' computation showed the removal of 2,416 cubic yards of earth, amounting to $628.16. The relator thereupon, in November, 1905, presented to the town board a verified claim for such sum, which the board at its annual session that month duly audited and allowed at the sum of $622.59, together with another account allowed at $13.35, making the full sum allowed to the relator by the board on the two claims $635.94, and a resolution was formally adopted by said town board directing the levy and assessment to meet said claim, "and that an order be drawn in favor of Charles Swarts, supervisor, for the same." Said resolution was presented to the board of supervisors of the county of Livingston by the defendant, and a similar resolution was passed by that body. The entire audit of said town, including the claim of the relator, was $3,205.22, and the same was duly levied and assessed upon the taxable property of said town, and a warrant was issued to the collector, directing him to pay to the defendant out of the moneys collected, pursuant to the assessment roll, the said sum of $3,205.22, which was done before the commencement of this proceeding. The defendant refused upon demand to pay over said sum to the relator, claiming that a subsequent investigation satisfied him that the amount allowed the relator by the town board was in excess of the sum to which he was entitled. This proceeding was thereupon commenced in Special Term for a writ of peremptory mandamus, requiring the defendant to pay to the relator the sum awarded to him on the audit, and the motion was denied.

We think the claim of the defendant is no answer to the application for the writ, and that he had no right to withhold the payment of the sum awarded to the relator by the town board, and collected by virtue of the authority and direction of the board of supervisors. The auditing of accounts against a town is committed to its town board. Town Law, Laws 1890, p. 1211, c. 569, § 162, as amended by Laws 1897, p. 610, c. 481. The town board is a tribunal authorized to investigate, examine, and pass upon, according to its own mode of procedure, the accounts against the town presented to it. Its original jurisdiction over the claims presented is plenary, and its determination is conclusive until reviewed by another competent tribunal; and even the board

of supervisors cannot review or reverse the action of the town board, but must direct the sums specified in the certificate of audit to be levied upon the property of the town. Osterhoudt v. Rigney, 98 N. Y. 222–234 et seq. There is no suggestion that the audit was not properly made, and the determination of the board certified in proper form to the board of supervisors, and the jurisdiction of the town board to pass upon the claim is unassailed. It acted upon the claim presented, disallowed it in part, and determined the validity of the balance. This determination has all the verity of a judgment unless reversed in a proper action or proceeding. Osterhoudt v. Rigney, supra; People ex rel. Myers v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739; People ex rel. McCabe v. Matthies, 179 N. Y. 242, 72 N. E. 103; People ex rel. Smith v. Clarke, 174 N. Y. 259, 66 N. E. 819; Bank of Staten Island v. New York City, 68 App. Div. 231, 74 N. Y. Supp. 284, affirmed 174 N. Y. 519, 66 N. E. 1104; People ex rel. Hamm v. Town Auditors, 43 App. Div. 25, 59 N. Y. Supp. 615.

In People ex rel. Myers v. Barnes, supra, three claims of the relator as commissioner of highways had been presented to the town board and rejected by it. The relator obtained an alternative writ of mandamus, requiring the respondents, who comprised the town board, to audit and certify said claims. In the return to the writ the respondents alleged the audit and disallowance of the claims, and, upon this fact being stipulated, the writ was dismissed, and the judgment was affirmed by the Court of Appeals. The court, after showing the creation of the board, say, at page 323 of 114 N. Y., page 610 of 20 N. E.:

"Such board is a statutory tribunal or court to hear and to allow or reject any claims presented against the town The examination of the account is the trial, and its allowance or disallowance is the judgment of this tribunal. As a general rule, no claim against a town is obligatory upon or is enforceable against the town until it has been audited or examined and allowed. Its jurisdiction over claims against the town is not only original, but it is conclusive until brought under review in another court in the manner prescribed by law. * * * The board of town auditors is to determine whether a claim presented is a town charge, and the amount of it or the portion of it which is a town charge."

In People ex rel. McCabe v. Matthies, supra, a similar proceeding was commenced to require the town board to reconsider the claim of the relators, which had been disallowed for the reason that it was invalid. The court, in passing upon the extent of the authority of the board and the effect of its determination, say at page 247 of 179 N. Y., page 104 of 72 N. E.:

"The board of town auditors were authorized and required by statute to examine and decide as to the claims made and presented against the town by the relators. It is a statutory tribunal or court to hear and allow or reject any claims presented. 'The examination of the account is the trial, and its allowance or disallowance is the judgment of this tribunal. As a general rule, no claim against a town is obligatory upon or is enforceable against the town until it has been audited or examined and allowed.' People ex rel. Van Keuren v. Board of Town Auditors, 74 N. Y. 310. Moreover, the jurisdiction of such board over claims against the town is not only original, but its determination is conclusive until brought under direct review in another court in the manner prescribed by law. * * * It was the duty of the board to decide as to the legality of the relator's claim, and whether it was a town charge. * * * The determination of the town auditors by which they decided that the claim

presented by the relators was not a valid claim against the town, and should be rejected, was a judicial determination, and is conclusive until reversed or modified in proceedings by certiorari."

Again, it is well established that:

"Where a matter has been submitted to an authorized judicial tribunal, its decision is final between the parties until it has been reversed, set aside, or rejected; and the rule of res adjudicata applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination."

It is to be noted that the relator had a legal claim against the town. Giving full weight to the position of the defendant, the town board allowed the claim for a greater quantity of earth than was actually removed; that is, they made an erroneous conclusion of fact. The rate per cubic yard was not disputed.

In People ex rel. Smith v. Clarke, supra, the relator had published certain notices in the city of New Rochelle, the legal rate being 50 cents per folio. By the charter of the city claims against it were audited by the auditing committee of the common council. In February, 1902, the relator's claim was audited and allowed at the amount presented. In April, 1902, and before the warrant for the claim had been signed, the auditing committee was abolished by an act of the Legislature, and its powers vested in the comptroller of the city. The latter officer refused to audit the claim of the relator at the amount previously allowed, but offered to audit it at a less sum; claiming that the allowance was in excess of the legal rate. The Special Term granted a peremptory writ requiring the proper officers of the city to "draw, sign, countersign, and deliver" the warrant or draft for the sum awarded by the committee. The order was reversed by the Appellate Division, but the Court of Appeals reversed the order of the Appellate Division and affirmed that of the Special Term. The court say, at page 263 of 174 N. Y., page 820 of 66 N. E.:

"An illegal audit can, of course, be attacked either directly or collaterally because it is void, but not so in case of an audit that is based upon a legal power to act, but is erroneous as to some matter of fact or law. The rule which forbids the reopening of a matter once' judicially determined under competent jurisdiction applies as well to decisions of special and subordinate tribunals as to the decisions of courts exercising general judicial powers, * * * and decisions of boards of audit have been considered as embraced within the principle."

It does not rest with the defendant to overrule the determination of the town board. The resolution directed the collector to pay the money collected to the defendant for. the specific purpose of meeting the charges against the town contained in the audit of the town board, and which had been made the basis of the tax levy and the warrant to the collector by the board of supervisors. The order was delivered to the defendant for convenience in distributing the money to the several people entitled and named in the certificate of the auditing board. The duty of the defendant was explicit to pay over the money, and was ministerial at best. He cannot refuse to apply the money for the purpose 'for which it was appropriated. He is merely the disbursing officer of this fund. People ex rel. Sage v. Schuyler, 79 N. Y. 189–201.

We certainly do not decide that the town of Sparta or its taxpayers are without remedy if the town board has audited the claim of the relator at an excessive sum. It may be that relief can be afforded in a taxpayer's action (Code Civ. Proc. § 1925; Weston v. City of Syracuse, 158 N. Y. 274–287, 53 N. E. 12, 43 L. R. A. 678, 70 Am. St. Rep. 472; Bank of Staten Island v. New York City, supra), or that some other remedy may be available. The town board is not a party to this proceeding, and its decision cannot be impeached indirectly, as the defendant is endeavoring to do. If an alternative writ should issue, the only questions which could be tried would be the jurisdiction of the town board, and whether that body acted upon and determined the relator's claim, and there is no controversy over these questions. The merits of the relator's claim could not be again reviewed upon a hearing in that proceeding.

The order should be reversed, with costs and disbursements of this appeal, and a motion for a peremptory writ granted.

Order reversed, with costs and disbursements of this appeal, and motion for peremptory writ granted.

All concur, except WILLIAMS, J., not voting.