PEOPLE ex rel. ACHESON v. BULLARD et al.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. TOWNS (§ 29*) — OFFICERS — COMPENSATION — ALLOWANCE OF SALARY AND FEES.

Under Town Law (Laws 1890, c. 569) § 178, subd. 3, as added by Laws 1904, c. 546, providing that a supervisor of a town is entitled to be allowed and paid, as other town charges are allowed and paid, a fee of 1 per cent. on all moneys paid out by him, the right of a supervisor to these fees is as absolute as the right of a salaried official to his salary, even though a claim for these fees must be presented to the auditing board and the claim audited; the difference being merely that the compensation for services by salary would be a fixed and certain sum, and that of the fees uncertain.

[Ed. Note.—For other cases, see Towns, Dec. Dig. § 29.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. CERTIORARI (§ 42*)—PROCEEDINGS—RETURN.

Allegations in a petition for certiorari not controverted by the return are accepted as true.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

3. CERTIORARI (§ 49*)—PROCEEDINGS—RETURN.

The return to a writ of certiorari directed to the members of a town board alleged that the town was not indebted to the relator in the amount set forth in the writ, or in any other amount. The relator was the town supervisor, and claimed fees for town moneys which he had paid out. *Held*, that this return was not a denial of the relator's allegation that he had paid out town money.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 49.*]

4. TOWNS (§ 29*)—OFFICERS—COMPENSATION—RIGHT TO COMPENSATION.

A town board cannot refuse to pay its supervisor the fees provided by law because he has converted the town money to his own use, and has otherwise been derelict in his official duty, for the town board is not a court, and its members cannot pass on the guilt or innocence of the officials of the town.

[Ed. Note.—For other cases, see Towns, Dec. Dig. § 29.*]

McLennan, P. J., dissenting.

Certiorari by the People, on the relation of Thomas J. Acheson, against Henry Bullard and others, individually and as members of the Town Board of the Town of Philadelphia, commanding them to certify to said court their proceedings in relation to auditing certain claims of the relator. Determination annulled, and proceedings remitted to the town board.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Purcell, Cullen & Purcell (Henry Purcell, Jr., of counsel), for relator.

J. Frank La Rue (George W. Reeves, of counsel), for respondents.

ROBSON, J. The relator, Thomas J. Acheson, was the supervisor of the town of Philadelphia continuously from the year 1899 down to, and including, the 10th day of January, 1911, the date of presentation of his petition for the writ. In November, 1910, he presented to the town board for audit three verified claims for his fees for paying out and disbursing as such supervisor moneys of the town. One of these claims was for fees for receiving and disbursing the moneys in payment of the schedule of town accounts for the years 1905 to 1908, inclusive, in which the amount received and disbursed for each year was separately stated with the amount of fees claimed for each year, the aggregate of which was $50.81. Another was for fees for receiving and disbursing during the period from the year 1907 to and including March 23, 1910, the sum of $26,265.66, being the town hall fund. The amount of this claim was $262.65. The third claim was for fees for receiving and paying out the railroad fund belonging to said town, amounting to $2,100 for each of the years 1905 to 1908, inclusive. The amount of this claim as presented was $84. This latter claim it is conceded by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r.Indexes

the relator was erroneous and excessive, in that the amount of this fund paid out by him in the year 1907 was $1,450, instead of $2,-100. This error in the claim is set forth in his petition; and he therein states that this claim should have been allowed at $77.50, instead of $84, the amount claimed.

[1] Relator's claim to these fees is made under subdivision 3 of section 178 of the town law (Laws 1890, c. 569, as amended by Laws 1904, c. 546, and Laws 1905, c. 642). Prior to the amendment of this section in 1904, which added subdivision 3 thereto, a supervisor was not entitled to any compensation for paying out town moneys, except the per diem allowance theretofore provided. People ex rel. Keeffe v. Town Auditors, 24 App. Div. 579, 49 N. Y. Supp. 525, affirmed 156 N. Y. 689, 50 N. E. 1120. By this subdivision it is provided that a supervisor is entitled to be allowed and paid in the same manner as other town charges are allowed and paid a fee of one per centum on all moneys paid out by him as such supervisor, including moneys paid out for purposes particularly specified in the act, and excepting moneys expended under the highway law and moneys delivered to his successor in office. As these fees are to be allowed and paid in the same way as other town charges are allowed and paid, a claim for such fees must be presented to the auditing board and the claim audited. But the right of a supervisor to these fees is as absolute as the right of a salaried official to his salary. The difference is only that the compensation for services by salary would be "a fixed and certain sum, and that by fees uncertain." McVeany v. Mayor, etc., 80 N. Y. 185, 193, 36 Am. Rep. 600; Nichols v. McLean, 101 N. Y. 526, 533, 5 N. E. 347, 54 Am. Rep. 730. As was said in People ex rel. Ryan v. Green, 5 Daly, 254–269: "The fees or salary of office are quicquid honorarium, and accrue from mere possession of the office."

If, therefore, the relator as supervisor properly paid out for the town the moneys set out in his various claims, he became entitled to a fee of one per centum thereon, his right thereto accruing as an emolument of his office. In his petition he alleges that he did actually pay out for the town the sums upon which his claims for fees are based, except in regard to the railroad fund to which I have already referred.

[2] Unless this statement in the petition be controverted in the return to the writ, it must be taken as true. People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 59 N. E. 770.

[3] In their return respondents do "deny that the said town of Philadelphia is indebted to the relator in the amounts set forth in said writ, or in any other amount." This statement is in no sense a denial of the fact alleged in the petition that the relator had paid out for the town the several sums therein stated. Besides this, the only denial that relator has paid out for the town the sums he has alleged in the petition is the statement that in the town schedule account he has included as paid out by him for those years sums aggregating $52.50, which, it is alleged, he fraudulently charged as payments in behalf of the town; whereas, in fact, he converted the several amounts to his own use. It follows that the amounts which

it must be assumed respondents admit were paid out by relator are as follows: For town schedule accounts, $5,049.57; for town hall fund, $26,265.66; for railroad fund, $7,750. Upon these sums he is therefore presumptively entitled to his fee of one per centum.

[4] The respondents further state in their return that in auditing and disallowing relator's claims they believed that he had already taken his fees from town funds in his hands and charged the same to the town. This is stated only as a belief, and not as a conclusion of fact. Clearly the facts alleged in the return upon which this belief is stated to have been based are insufficient to support a finding or conclusion that he had so taken his fees. They furnish food for suspicion and conjecture; but were apparently not persuasive enough to lead even the town board farther than a belief that such was the fact. Further facts with knowledge of which respondents allege they acted in disallowing the claims are that they had ascertained through the medium of an accountant's examination of the books kept by relator as supervisor that he had received certain sums of town moneys for which he had failed to account, and that he had charged the town with various sums as paid by him on fictitious or exaggerated claims. Specific statements of these items for which he failed to account and of the overcharges are set forth in the return. All of these sums he is alleged to have converted to his own use. It is further charged that he did not keep accurate and honest books, and did not make honest accounts to the town board. This allegation is specialized by statements of specific instances of dereliction. Taking these charges as true, no legal ground for disallowing his claim for fees is shown. As was said by this court in People ex rel. Hamm v. Auditors of the Town of Carrollton, 43 App. Div. 22, 25, 59 N. Y. Supp. 615, 617:

"If the relator is charged with dereliction of duty or with misappropriation of the public fund, the town board cannot adjudge him guilty. Its duties are limited to the auditing of claims presented to it. It is neither a court to inquire into the general management of affairs intrusted to the town officers, nor do its members possess the functions of a jury to pass upon the guilt or innocence of the officials of a town. Its investigation is ex parte. With a serious charge inculpating the relator as a public official he is certainly entitled to be heard in court and to be confronted with the witnesses against him."

These charges, if sustained before a competent tribunal, might furnish grounds for his removal from office, and would be a basis for either a civil, or a criminal, action against him. But, so long as he is the supervisor of the town of Philadelphia, he is ex virtute officii entitled to the emoluments legally affixed to that office. People ex rel. Leitner v. Sipple, 109 App. Div. 788, 96 N. Y. Supp. 897.

The determination of the town board of audit should therefore be annulled with $50 costs and disbursements, and proceedings remitted to the board of audit to the end that relator's claims may be audited and allowed in accordance with this opinion.

So ordered. All concur, except McLENNAN, P. J., who dissents upon the ground that the relator is not entitled to an audit because he presented a false account to the town, appropriated to his own use certain of its funds and mingled its funds with his own.