THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F.
McCABE et al., Appellants, *v.* CHARLES A. MATTHIES et al.,
as THE BOARD OF TOWN AUDITORS OF THE TOWN OF WHITE
PLAINS, Respondents.

REMEDIES — AUDIT OF CLAIM AGAINST TOWN REVIEWABLE BY CER-
TIORARI ONLY, NOT BY MANDAMUS.   The hearing by a board of town
auditors of a claim against the town, the examination and discussion of
the questions involved and the rejection of the claim upon the ground of
its illegality constitute an audit which is a *quasi* judicial determination
of the claim reviewable by certiorari only; mandamus will not lie, there-
fore, to compel the board to re-examine and allow the claim.

*People ex rel. McCabe* v. *Matthies,* 92 App. Div. 16, affirmed.

(Argued June 3, 1904; decided October 18, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
April 29, 1904, which reversed an order of Special Term grant-
ing a motion for a peremptory writ of mandamus to compel
defendants to audit and allow a certain claim of the relators,
and dismissed the proceedings.

The facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellants.   If
the relators have a legal claim against the town, it was error
for the board of town auditors to reject the same on the
ground that it did not constitute a legal liability, and their
action is properly reviewable by mandamus.   (*Colby* v. *Town
of Day,* 75 App. Div. 211; *Lattin* v. *Town of Oyster Bay,*
34 Misc. Rep. 568; *People* v. *Suprs. of Delaware Co.,* 45
N. Y. 196; *People* v. *Suprs. of Otsego Co.,* 51 N. Y. 401;

*People* v. *Town Auditors of Elmira*, 32 N. Y. 80; *People ex rel.* v. *Supervisors*, 170 N. Y. 93; *People ex rel.* v. *Mole*, 85 App. Div. 33; *People ex rel.* v. *Bd. of Suprs.*, 66 App. Div. 66; *People ex rel.* v. *Trustees*, 11 App. Div. 108; *People ex rel.* v. *Coler*, 48 App. Div. 492; *People ex rel.* v. *Supervisors*, 83 App. Div. 51; *People ex rel.* v. *Bd. of Suprs.*, 89 App. Div. 152; *People ex rel.* v. *Town Auditors*, 43 App. Div. 22.)   The relators' claim being a legal liability against the town, and the amount thereof having been fixed by the finding of the jury on the trial of the alternative writ, they are entitled not only to a mandamus directing the allowance of their claim as a legal claim, but also to a mandamus directing the audit thereof at the amount found by the jury. (*People ex rel.* v. *Clausen*, 163 N. Y. 523; *People ex rel.* v. *Hertle*, 46 App. Div. 505; *People ex rel.* v. *Kearny*, 44 App. Div. 449; *People ex rel.* v. *Supervisors*, 56 Hun, 459; 127 N. Y. 654; *People ex rel.* v. *Mayor, etc.*, 144 N. Y. 63; *Matter of Freel*, 148 N. Y. 165.)

*Henry T. Dykman* and *Charles Wesley* for respondents. Before the application for the writ of alternative mandamus the claim was presented to and acted on by the board of town auditors of the town of White Plains in pursuance of a mandamus issued against them for that purpose and rejected. Their determination is conclusive as to this proceeding. (*People ex rel.* v. *Board*, 52 N. Y. 227; *People ex rel.* v. *Barnes*, 114 N. Y. 323; *Tenney* v. *Mautner*, 24 Hun, 340; *People ex rel.* v. *Bd. of Suprs.*, 93 N. Y. 403; *People ex rel.* v. *Board of Town Auditors*, 74 N. Y. 310; *People ex rel.* v. *Town Auditors of Elmira*, 82 N. Y. 82; *People ex rel.* v. *Bd. of Suprs.*, 1 Hill, 362; *People ex rel.* v. *Bd. of Appt.*, 52 N. Y. 227.)   The board of town auditors cannot be compelled in this proceeding to audit this claim at any given amount.   The only province of a writ of mandamus is to compel action by the board, and when a decision is made the remedy by mandamus ends, the court being powerless on a mandamus to review the decision or compel a deci-

sion the other way. (*People ex rel.* v. *Sutphin*, 166 N. Y.
163; *People ex rel.* v. *Barnes*, 114 N. Y. 317; *Osterhoudt*
v. *Rigney*, 98 N. Y. 222; *People ex rel.* v. *Bd. of Suprs.*,
65 N. Y. 222; *People* v. *City of Kingston*, 101 N. Y.
82; *People ex rel.* v. *Bd. of Suprs.*, 85 Hun, 114; *Colby* v.
*Town of Day*, 75 App. Div. 211; *People ex rel.* v. *Mole*, 85
App. Div. 33.) The order made at Special Term on May 13,
1902, granting the alternative writ of mandamus and the
order made at Special Term on November 1, 1902, granting
the writ of peremptory mandamus, were properly reversed
by the Appellate Division. . (*People ex rel.* v. *Coler*, 58 App.
Div. 347; *People ex rel.* v. *Hertle*, 46 App. Div. 505.) .

MARTIN, J. Although there were many important and
interesting questions presented upon the argument of this
appeal which relate to the rights and liabilities of the parties,
still, with our view of the case, its present determination rests
upon the question of remedies rather than the ultimate rights
of the parties. It seems quite plain that the appellants have
mistaken their remedy, and that the court below properly so
held. "The remedy by mandamus is of an exceptional
character, and the writ issues only in that class of cases where
a clear legal right is made to appear and there is no other
adequate and legal means to obtain it." (*People ex rel.
McMackin* v. *Bd. of Police*, 107 N. Y. 235, 239.) If a
relator may obtain relief by appeal, writ of error or certiorari,
he will not be entitled to mandamus. (2 Spelling on Extra-
ordinary Remedies, § 1374.)

. The town of White Plains entered into a written contract
with the relators for the improvement of certain roads in that
town outside of the village of . White Plains. In doing this
work they used several thousand cubic yards of stone more
than at the time of the contract they contemplated would be
necessary. For the value of such stone they filed a claim with
the town board of the town of White Plains, which by statute is
the board of town auditors. This body refused to audit the
claim, and the relators procured a peremptory writ of manda-

mus, directing its examination and audit.  Pursuant to the mandate of that writ, the respondents met as the town board of the town of White Plains, the town clerk produced the record touching the matter in controversy, together with the original notice of claim verified by the relators, and the terms of the contract between the relators and the town were then discussed and considered by the board.  An examination of the papers presented disclosed that in the contract between the parties it was, among other things, agreed and recited that the quantities of materials stated in the estimate of the engineer were given with as much accuracy as possible; that such quantities were approximate only, and that bidders were required to form their own judgment of the quantities and character of the work by personal examination of the ground and of the specifications and drawings relating to such work; that the price agreed to be paid per lineal foot for the completed road must include the cost of all excavations, of all materials of whatever nature, and the furnishing of whatever labor was necessary for its full completion in the manner stated therein; that the prices named by the contractors were to cover the cost of furnishing all labor and materials and performing all the work under the contract in accordance with the plans and specifications, and every expense incidental to the execution of the work; that there should be no allowance for extras in any account, or for any extra work or materials, except where there was a special agreement made before said extra work was done or materials furnished; that the contractors declared in writing over their signatures that the prices named in the contract were intended to cover all labor, materials and expenses of every kind necessary to the completion of the contract, including all claims that might arise through damage or any other cause whatever, and they also agreed that they would make no claims on account of any variation between the quantities of the approximate estimate and the quantities of the work as done, nor on account of any misconception or misunderstanding of the nature and character of the work to be done or the character or place where it was to be done.  At a meet-

ing of the town board the bids of the appellants for such work were opened, their bids or proposals were accepted and a contract was ordered prepared for the completion of the work in the manner and form set forth in and by the said specifications, and the said contractors signified their willingness to accept such contract and do and perform every act and thing and furnish all labor and materials necessary for the proper completion of the work in accordance with the plans and specifications as prepared by the engineer employed by the town board. The said contract was signed and executed by the said relators on August 8, 1899. The appellants thereby agreed to carry out and perform said agreement as set forth in their bid or proposal to the satisfaction of the engineer in charge of the work and to the satisfaction of the town board of the town of White Plains, and agreed to furnish all labor and material necessary for the proper and complete performance of said work to the satisfaction of the board. It was likewise further agreed and distinctly understood between the parties that no claim for extra work of any kind should exist in favor of the appellants unless the same had been ordered by the town board at a meeting duly called for the purpose or a regular meeting of such town board, and that no such claim should then exist until a certified copy of the resolution duly passed authorizing such extra work should have been served upon the appellants. This provision was never complied with as to the extra material claimed to have been furnished and for which the relators recovered at Trial Term. It was also agreed that the work covered by the specifications and plans, not only during its progress, but on its final completion, must conform truly to the lines and levels as given by the engineer, and must be built according to the plans and specifications furnished.

This brief statement as to some of the material terms, conditions and agreements which, under the contract, were to be kept and performed by the relators, discloses quite plainly that the question whether, under the contract, they had any legal claim against the town of White Plains for excess of

1904.]     People ex rel. McCabe v. Matthies.     247

N. Y. Rep.]     Opinion of the Court, per Martin, J.

material used by them, if the amount used was in excess of the amount originally contemplated, was presented to the board for its determination.  On the presentation of the relators' claim to the board, it became its duty, especially under the mandate of the writ of mandamus first served, to examine that claim under and in view of the terms and provisions of the contract, and to first determine whether such claim was a proper one against the town, and if so, then to determine the amount to be allowed thereon.  So that the first question which the board was called upon to determine related to the propriety or legality of the claim against the town.  That question the board of auditors passed upon and held that under the provisions of the contract the relators had no valid or proper claim against the town, and we are now called upon to determine whether that decision could be properly reviewed and reversed in a proceeding or action instituted by a writ of alternative mandamus.

In compelling the performance of a public duty by an inferior officer or tribunal, the question arises whether the duty is of a judicial or of a merely ministerial character.  "If the duty be of a judicial character a mandamus will be granted only where there is a refusal to perform it in any way ; not where it is done in one way rather than another, erroneously instead of properly.  In other words, the court will only insist that the person who is the judge shall act as such ; but it will not dictate in any way what his judgment should be." (Shortt on Mandamus, 276 [*256].)  "To audit is to hear, to examine an account, and in its broader sense it includes its adjustment or allowance, disallowance or rejection."  (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317, 323 ; *People ex rel. Brown* v. *Board of Apportionment*, 52 N. Y. 224, 227.)

The board of town auditors were authorized and required by statute to examine and decide as to the claims made and presented against the town by the relators.  It is a statutory tribunal or court to hear and allow or reject any claims presented.  "The examination of the account is the trial and its allowance or disallowance is the judgment of this tribunal.

As a general rule, no claim against a town is obligatory upon or is enforceable against the town until it has been audited or examined and allowed." (*People ex rel. Van Keuren* v. *Bd. of Town Auditors,* 74 N. Y. 310.) Moreover, the jurisdiction of such board over claims against the town is not only original, but its determination is conclusive until brought under direct review in another court in the manner prescribed by law. (*People ex rel. Myers* v. *Barnes, supra ; Osterhoudt* v. *Rigney,* 98 N. Y. 234.) It was the duty of the board to decide as to the legality of the relators' claim and whether it was a town charge. (*Tenney* v. *Mautner,* 24 Hun, 340; *People ex rel. Everett* v. *Board of Supervisors,* 93 N. Y. 397, 403.) The determination of the town auditors by which they decided that the claim presented by the relators was not a valid claim against the town and should be rejected, was a judicial determination and is conclusive until reversed or modified in proceedings by certiorari. A mandamus will not issue commanding the board to do over again what it has done, but with a different result. This would imply that the Supreme Court might dictate the judgment of the board. (*People ex rel. Thurston* v. *Town Auditors of Elmira,* 82 N. Y. 80, 82 ; *People ex rel. Phœnix* v. *Supervisors of New York,* 1 Hill, 362; *People ex rel. Harris* v. *Commissioners of the Land Office,* 149 N. Y. 26, 30 ; *People ex rel. Vil. of Brockport* v. *Sutphin,* 166 N. Y. 163.)

Again, it is well established that where a matter has been submitted to an authorized judicial tribunal, its decision is final between the parties until it has been reversed, set aside or rejected ; and the rule of *res adjudicata* applies to all judicial determinations, whether made in actions, or in summary or special proceedings, or by judicial officers in matters properly submitted for their determination. (*Culross* v. *Gibbons,* 130 N. Y. 447, 454, citing *People ex rel. Myers* v. *Barnes,* 114 N. Y. 317; *Leavitt* v. *Wolcott,* 95 id. 212; *People ex rel. Hatzel* v. *Hall,* 80 id. 117 ; *Demarest* v. *Darg,* 32 id. 281; *Sibley* v. *Waffle,* 16 id. 180; *Supervisors of Onondaga* v. *Briggs,* 2 Denio, 33.)

It is to be remembered that before the application for the writ of alternative mandamus upon which the relators recovered judgment against the town in this action, they had presented their claim to the board of town auditors to be acted upon by it in pursuance of a mandamus which had been previously issued, and that the claim was rejected. This claim was first presented to the board November 4, 1901. The board refused to act on the ground that it did not come within its province. On December twenty-seventh of that year, an application was made to a Special Term of the Supreme Court for a peremptory writ compelling the board to audit the claim It was granted on January 18, 1902, and a peremptory writ issued directed to such board commanding it to examine and audit the relators' account. On the twenty-second of that month, the board met for that purpose. At that meeting the town clerk produced before the board the records relating thereto, including the relators' claim and contract as well as the original notice of claim dated October 1, 1901, made by the relators to the supervisor of the town of White Plains, and also presented the contract between the relators and the town, dated August 8, 1899, and filed in the town clerk's office on the next day, whereupon the terms of this contract were examined, discussed and considered by the board, and thereupon it was moved that the claim be rejected on the ground that it was not a legal claim against the town of White Plains, and that if any extra work was done, the claim for it was in violation of the express terms of the contract. This motion was carried and the claim thereby rejected. Subsequently on March 13, 1902, an order was obtained by the relators requiring the respondents to show cause why an alias writ of peremptory mandamus should not issue commanding the respondents to audit and examine and allow the relators' claim. After argument, an order was made for the issuance of an alias or alternative writ, which was issued. The return thereto was filed on July 30, 1902, and the final order in this action was based upon the trial of the issues of fact raised by this return. The jury found for the relators and awarded

them the sum of $19,984.25. A motion for a new trial was made and denied, and judgment was entered for the amount thus awarded.

An appeal was subsequently taken to the Appellate Division from the order allowing the alias or alternative writ, from the final order for the peremptory writ, and from the order denying the respondents' motion for a new trial upon the minutes. After hearing the arguments of counsel the court reversed the order granting a peremptory writ of mandamus, and dismissed all the proceedings had in that action, including the order denying the respondents' motion for a new trial.

The respondents contend, and the court below held, as we think correctly, that the trial court had no power to issue the alias or alternative writ of mandamus herein, as at the time this writ was obtained there had already been an audit and determination of the relators' claim by the board of town auditors. It is not denied that at the time of such audit the board had before it the claim of the relators, the contract between the parties, and all the records relating to the transaction, and that after an examination and discussion of the questions involved, the relators' claim was rejected upon the ground that it was not a proper claim against the town, and that even if the work was done, the claim was in violation of the express terms of the contract. As we have already seen, the authorities are to the effect that what was done by the board was an auditing of the relators' account. It heard the claim which was presented, examined it and disallowed and rejected it. It was its duty to determine the legality of the claim and whether it was a proper charge upon the town. " The statute has created a board of town auditors to examine and decide upon claims made and presented against a town. * * * Such board is a statutory tribunal or court to hear and to allow or reject any claims presented against the town. The examination of the account is the trial and its allowance or disallowance is the judgment of this tribunal," and the determination of the board, like the determination of all courts, is conclusive until reversed or modified under

1904.]    People ex rel. McCabe v. Matthies.    251

N. Y. Rep.]        Opinion of the Court, per Martin, J.

proceedings properly instituted for its review. (*People ex rel. Myers* v. *Barnes, supra.*) A second mandamus could not properly issue commanding the board to do over again what it had already done, but with a different result. Any other conclusion would result in a dictation by the court as to the judgment the board might render, which clearly could not properly be done. We think the claim presented, when examined in the light of the contract between the parties, presented a question to be determined by the board of town auditors, and that its determination was final until reversed or modified on review by an appellate court. "The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction applies as well to the decisions of special and subordinate tribunals as to the decisions of courts exercising general judicial powers." (*Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234.) It was there said by Andrews, J.: "The question is, therefore, presented as to the power of a board of audit to audit and allow claims which have been passed upon and rejected by a prior board. * * * (*Van Wormer* v. *Mayor, etc., of Albany*, 15 Wend. 262; *White* v. *Coatsworth*, 6 N. Y. 137.) The decisions of boards of audit have been considered as embraced within the principle. (*Supervisors of Chenango* v. *Birdsall*, 4 Wend. 453; *People ex rel. Thomson* v. *Supervisors of Schenectady Co.*, 35 Barb. 408; *People* v. *Stocking*, 50 id. 573; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26.) There is no express power conferred on a board of town auditors to reverse the decisions of a prior board. The system of town audit contemplates an annual or semi-annual adjustment of town accounts. The supervisors are required to cause the amounts specified in the certificate of the auditors to be levied upon the town, and they cannot reverse or review the action of the auditors. (Laws of 1840, chap. 305, § 4.) All the arrangements of the statute look to a summary and complete determination by the auditors in respect to claims presented for audit. It would certainly occasion great inconvenience, and open the door to fraudulent practices, if an account once considered and rejected on the

merits could be presented to any subsequent board of audit for readjudication."

As we have already seen, a board of town auditors in passing upon an account presented to it acts judicially. An audit may properly be directed by mandamus, and when made, it is reviewable by certiorari. (*People ex rel. Hamm* v. *Town Auditors*, 43 App. Div. 22; *Colby* v. *Town of Day*, 75 App. Div. 211, 215.) In the latter case it was held that the town board alone had jurisdiction to determine the claim against the town and it was there said : " If a claim of which the town board only has juridiction has been by it ignored, the remedy is by mandamus to compel it to audit the same ; if the claim has been rejected, the remedy is by certiorari to review its action." While this case was reversed by the Court of Appeals, the doctrine referred to was not questioned, it being reversed upon the ground that there was no specific exception sufficient to present any question of law for review by the Appellate Division. There was no such defect in this case. At the conclusion of the relators' evidence, the respondents moved for a nonsuit and dismissal of the complaint, among others, upon the ground that the engineer had no power or authority to vary the terms of the contract, to change the grade or cross-sections or increase or decrease the amount of the work, and if extra work was done by the relators in the absence of any resolution being passed by the town board authorizing it, no recovery could be had. This motion was denied, and the respondents excepted. At the close of all the testimony, this motion was renewed upon the grounds stated at the close of the plaintiffs' evidence, and upon the ground that neither the engineer nor the inspector had any authority to increase the liability of the town beyond the amount fixed by the act authorizing the improvement; also upon the ground that before the application for the writ of alternative mandamus, the claim was presented to and acted upon by the board of town auditors in pursuance of the mandamus issued to them for that purpose, and that this determination of the board, like the determination of all courts, was conclu-

sive until reversed or modified in proceedings in certiorari, and that a mandamus would not lie commanding the board to do over again what it had done but with a different result; likewise on the further ground that where a body like a board of town auditors is clothed with a discretion, it may do or omit to do the act or thing according to the judgment of the body authorized to act; that a mandamus can only issue to compel action in case of a refusal to act, and when a decision is made the remedy by mandamus ends and that the court is powerless on mandamus to review the decision or compel a decision the other way, because the court may disagree as to the justness or propriety of the questions reached, and on the further ground that the determination of the board of town auditors was conclusive until reversed. This motion was denied and the respondents duly excepted. This exception brought up for review by the Appellate Division all the questions discussed. Our conclusion is that the exceptions were well taken, that the Appellate Division properly reversed the order of the Special Term, and that the decision of the Appellate Division should be affirmed, with costs to the respondents in all the courts.

Parker, Ch. J., O'Brien, Vann, Cullen and Werner, JJ., concur; Bartlett, J., dissents.

Order affirmed.