### PEOPLE v. SUTHERLAND.

(Supreme Court, Appellate Division, Second Department. December 15, 1911.)·

1. COUNTIES (§ 204*)—FISCAL MANAGEMENT—AUDIT BY BOARD OF SUPERVI-SORS—JURISDICTION.

The inclusion of illegal items in bills presented by a county clerk to the board of supervisors for audit, which also contained valid and legal items, did not deprive the board of jurisdiction to pass upon the bills, including all the items therein.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 204.*]

2. COUNTIES (§ 206*)—CLAIMS AGAINST COUNTY—AUDIT—REVIEW—CONCLU-SIVENESS OF AUDIT.

The audit and allowance by the county board of supervisors of bills presented to it by a county clerk is conclusive, in absence of fraud, after the expiration of the statutory time for review, and cannot be collaterally attacked in an action by the state to recover money wrongfully received by the clerk under the audit.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322–330; Dec. Dig. § 206.*]

Thomas, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by the People of the State of New York against Leslie Sutherland. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Irving D. Vann, Deputy Atty. Gen., for the People.

James M. Hunt (John F. Brennan and Leverett F. Crumb, on the brief), for respondent.

RICH, J. This appeal is from a judgment dismissing the plain-tiffs' complaint, in an action brought under the provisions of sec-tion 1969 of the Code of Civil Procedure to recover money alleged to have been wrongfully received and retained by the defendant as county clerk of the county of Westchester. Each of the 103 items

sought to be recovered was contained in one of 58 different bills presented at different times to the board of supervisors by defendant, each of the bills was audited and paid after investigation, and each of the bills contained items conceded to have been proper legal charges against the county. While these facts are alleged, the complaint does not challenge the validity of the several audits or allege fraud or collusion. The referee has found that the bills in proper form were duly audited by the board after a thorough examination; that the work was actually performed by the defendant or his employés, and not by any other officer paid by the county; that there was no fraud or collusion; that the charges contained in the bills were made for the same character of services and at the same rates as had been charged by the county clerks of Westchester county prior to the incumbency of defendant, and had been audited and paid by the board of supervisors; that the board of supervisors had jurisdiction, and their action and audits had never been vacated, reversed, or set aside.

The action is to be determined by the same principles as though brought by the county instead of the state. People v. Wood, 121 N. Y. 522, 24 N. E. 952. There is an utter failure of proof on the part of plaintiff to sustain the allegations of the complaint, unless the bills themselves are to be regarded as evidence of the illegality of the items attacked. They can be given no such effect. Such conclusion could only be sustained in the event that the board of supervisors were not justified in directing the county clerk to perform the work for which the charges were made, or in auditing and paying his reasonable bills therefor, and the record signally fails to establish this fact, and the complaint was properly dismissed.

The audit of a board of supervisors, when it has jurisdiction, is as conclusive and binding upon the parties as the judgment of a court, until reversed, vacated, or set aside, and the rule of res adjudicata applies to audits of presented claims by a board of supervisors to the same extent that it does to other judicial determinations. People ex rel. McCabe v. Matthies, 179 N. Y. 242, 248, 72 N. E. 103. The acts of a board of audit within its jurisdiction, in the absence of fraud and collusion, are final and conclusive and cannot be questioned in a collateral proceeding. Osterhoudt v. Rigney, 98 N. Y. 222, 232. This principle of law is so familiar as not to require extended citation of authorities in its support. It follows that, if the board had jurisdiction to entertain and act upon the plaintiff's bills, each of which included items concededly valid, their audits had all the binding force and effect of a judgment conclusively establishing as against the county of Westchester the validity and amount of plaintiff's claims acted upon, binding and concluding the parties, and consequently the state, until reversed, set aside, or vacated in a direct proceeding.

I think that the board of supervisors had jurisdiction to order the work and to pay for the work when performed. County Law, § 12; Ghiglione v. Marsh, 23 App. Div. 61, 69, 48 N. Y. Supp. 604; Wadsworth v. Board of Supervisors, 139 App. Div. 832, 838, 124 N. Y.

Supp. 334; People ex rel. v. City of Kingston, 101 N. Y. 82, 96, 4 N. E. 348; People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 31 N. E. 322; Schenck v. Mayor, 67 N. Y. 44; Woods v. Supervisors, etc., 136 N. Y. 403, 410–411, 32 N. E. 1011; People ex rel. Smith v. Clarke, 174 N. Y. 259, 66 N. E. 819.

[1-2] If it be conceded that some of the items were illegal, the fact that they were included in bills containing valid items gave the board of supervisors jurisdiction to pass upon and audit them. Such audit is final and conclusive after the expiration of the time limited by the statute for review, and cannot be attacked collaterally, as was held in Bank of Staten Island v. City of New York, 68 App. Div. 231, 74 N. Y. Supp. 284, in which action fraud and collusion were charged, which is not so in the case at bar.

The judgment must be affirmed, with costs.

WOODWARD, J., concurs. CARR, J., concurs in result. JENKS, P. J., concurs in separate memorandum. THOMAS, J., dissents.

JENKS, P. J. I concur upon the last ground stated in the opinion. In the case cited by RICH, J. (Bank of Staten Island v. City of New York, 68 App. Div. 231, 74 N. Y. Supp. 284), the third paragraph of the headnote reads:

"In such a case the allowance of the improper items constitutes an error of judgment and not a defect of jurisdiction."

Doubtless this is formulated upon the final paragraph of the opinion of the court written by Woodward, J. Bartlett, J., and I, as appears in the report (68 App. Div. at page 239, 74 N. Y. Supp. at page 290), dissented "on the ground that some of the items included in the coroner's bill are so clearly unlawful that they could not be legalized by any audit." The judgment in that case was affirmed by the Court of Appeals. 174 N. Y. 519, 66 N. E. 1104. Although there is some distinction to be made between the Bank of Staten Island's Case, supra, and the case at bar, I think that the proposition, which now moves me to this concurrence, was presented; that in any event it was germane and was accentuated by the said dissent. For this reason I feel bound to concur with RICH, J., in this case, without consideration of the alleged illegality of the items in question.