In the Matter of the Application of Maxwell Gold, Petitioner, for a Mandamus Order against Raymond V. Ingersoll, as President of the Borough of Brooklyn, Joseph D. McGoldrick, as Comptroller of the City of New York, Kenneth Dayton, as Director of the Budget of the City of New York, and The City of New York, Respondents.

Supreme Court, Special Term, New York County, May 12, 1938.

*Jacob Jaye Gold*, for the petitioner.

*William C. Chandler, Corporation Counsel [Charles E. Hirsimaki* of counsel], for the respondents.

Frankenthaler, J. To the extent that the present application relates to the petitioner's salary after January 1, 1938, it is denied, in view of the fact that the inclusion of the petitioner's salary at the rate of $3,360 per annum in the 1938 budget constituted a new and independent fixation of his salary which the city authorities had the right and the power to make. In so far as the motion is concerned with the proper amount of the petitioner's salary for the second half of the year 1937, it is likewise denied on the ground that the rights of the petitioner are not so clear as to justify the granting of the relief sought, which, prior to the enactment of the present article 78 of the Civil Practice Act, was in the nature of mandamus. As the Court of Appeals said, in the case of *People ex rel. McCabe* v. *Matthies* (179 N. Y. 242, at p. 244): " The remedy by mandamus is of an exceptional character, and the writ issues only in that class of cases where a clear legal right is made to appear and there is no

other adequate and legal means to obtain it." Even where a clear legal right has been shown to exist, mandamus may be denied. (*Matter of Black* v. *O'Brien*, 264 N. Y. 272.) The question of the petitioner's right to the difference between the salary of $3,600 per year and $3,360 per year for the half year commencing July 1, 1937, is one which may be determined in an action. Insufficient justification exists for resorting to the summary remedy invoked. The motion is denied.