In the Matter of the Application of EDWARD SIMON, Petitioner, for an Order Formerly Known as Mandamus, to Compel the Sheriff of Steuben County to Hold a Proper Sale, Pursuant to an Execution, against JOSEPH L. BAILEY, as Sheriff of Steuben County, Respondent.

Supreme Court, Steuben County, October 3, 1939.

*Adolph M. Newman,* for the petitioner.

*James S. Drake, Jr.,* for the respondent.

LAPHAM, J. This is an application instituted by an order to show cause for an order under article 78 of the Civil Practice Act directing the sheriff of Steuben county to hold a proper and legal sale under an execution issued against the property of Edward and Leona Paine.

The affidavits submitted on this motion show that on March 30, 1938, plaintiff's assignor, the receiver of the First National Bank of Hornell, N. Y., obtained a judgment in the City Court of Hornell against Edward and Leona Paine in the sum of $132.30. A transcript of the judgment was filed in the Steuben county clerk's office on August 3, 1939, and on the same day the judgment was assigned to the petitioner and an execution issued and delivered to the sheriff with instructions to levy on certain personal property belonging to the judgment debtors. On August seventh a levy was made and a notice of sale posted for August nineteenth. On that day one of the judgment debtors filed a notice claiming that certain chattels were exempt from levy and sale under the execution and the sale was adjourned by consent until August twenty-sixth on account of the fact that there were two chattel mortgages on record which covered the personal property on which levy had been made, and on account of the claim of exemption filed by the judgment debtors. On August twenty-fourth one Ella Mitchell filed an affidavit claiming the property subject to the levy in at least the sum of thirty-five dollars by virtue of a chattel mortgage given in May, 1935, and successively renewed, and on the same day one Vera Hann filed a similar affidavit claiming the property by virtue of a chattel mortgage given on March 23, 1939. Each affidavit stated that the respective sums claimed were due on promissory notes secured by the mortgages. The petitioner contended that the Hann mortgage was fraudulent and demanded that the property be sold and this mortgage ignored. The sheriff resisted

this demand and the sale was adjourned until September second at the request of the petitioner. Copies of both claims were made and delivered to the petitioner. In compliance with a further request the sale was adjourned until September ninth and prior to that day this proceeding was instituted. The sale is being deferred under the order to show cause until the determination of this motion.

On these facts the petitioner is not entitled to the peremptory order which he seeks. If an adequate remedy already exists the extraordinary relief contemplated by article 78 of the Civil Practice Act will be denied in the discretion of the court. (Civ. Prac. Act, § 1285, subd. 4; *People ex rel. McCabe* v. *Matthias*, 179 N. Y. 242, 244; *People ex rel. New York & H. R. R. Co.* v. *Board of Taxes,* 166 id. 154; *Matter of Gold* v. *Ingersoll,* 167 Misc. 805.)

A means of redress is open to the judgment creditor under section 696 of the Civil Practice Act. That section permits a third party to file a claim to property on which a levy has been made and authorizes the sheriff in his discretion to require indemnity from the judgment creditor. Where, as here, the sheriff chooses to exercise that discretion, the creditor may either furnish a bond or may institute a proceeding to determine the validity of the claim. In a situation clouded by doubts of the validity of the claims interposed by the chattel mortgagees and by the claim of the judgment debtors of partial exemption the sheriff was not compelled to proceed with the sale under the levy and expose himself to a suit under section 697 of the Civil Practice Act at the hands of the claimants. The procedure outlined by section 696 of the Civil Practice Act was designed to protect the judgment creditor, third parties with claims to the property sought to be reached, and the sheriff. There is no need and no justification for invoking the exceptional remedy of an order under article 78 of the Civil Practice Act.

Section 278 of the Debtor and Creditor Law, on which the petitioner relies, does not give the judgment creditor the right to insist that the sheriff shall go forward with the sale under an execution in response to the commands of the creditor. The section does give a creditor a right to ignore a conveyance which he believes is fraudulent but it does not abrogate the right of third parties to advance their claims to property which is the subject of the conveyance or the right of the sheriff to insist on a compliance with the provisions of section 696 of the Civil Practice Act once those claims have been formally presented.

The petitioner attacks the right of the sheriff to rely upon section 696 on the ground that the claims which were filed with the sheriff are insufficient and on the ground that the sheriff failed to serve on him the formal demand for indemnity contemplated by the stat-

ute. Both of these attacks must fail. Although the affidavit of each mortgagee did not state specifically that the mortgagor had defaulted under the terms of the mortgage, each contained an allegation that the primary indebtedness secured by each mortgage was due. Such an allegation was something more than the mere assertion of the existence of a lien; it was assertion of the right to possession and a claim of title.

The petitioner has not denied, moreover, that copies of the claims of the chattel mortgagees were served upon him and it is clear from the negotiations between the parties on the successive adjournments of the date of the sale that the sheriff would not sell the goods on which he had levied unless the plaintiff furnished a bond. There was a substantial compliance with the terms of the statute and the creditor should not be heard to complain where the adjournments were granted at his request and where the creditor was informed of the sheriff's insistence on a bond as the price of his obedience to the orders of the judgment creditor.

The application of the petitioner is denied, without costs.

Let an order enter accordingly.