In the Matter of MONARCH SALES Co., INC., Petitioner, against H. ALFRED VOLLMER, as Acting Sheriff of Nassau County, et al., Respondents.

Supreme Court, Special Term, New York County, September 29, 1946.

*Abraham M. Loewenthal, Joseph J. Miller* and *Mortimer Cole* for petitioner.

*Joseph Otis* for Leo Herschman and others, doing business under the name of Modern Supply Company, respondents.

BOTEIN, J. This proceeding is brought pursuant to section 696 of the Civil Practice Act, to determine the title to personal property levied upon by the Sheriff of Nassau County under an execution upon a judgment recovered by petitioner. The third party claimants, named as respondents in this proceeding, have asserted a claim of title to the property levied upon, which is based on a voluntary surrender to them by the judgment debtor, antedating the sheriff's levy, under the provisions of a chattel mortgage then in default.

The third party claimants-respondents urge as a preliminary objection that this court has no jurisdiction since petitioner's

judgment, although secured in New York County, was docketed in Nassau County, the execution was issued to the Sheriff of Nassau County and the property levied upon is situate in Nassau County. Section 696 contemplates a special proceeding wholly independent of the action in which the judgment was recovered and contains no limitation as to the court wherein the proceeding shall be instituted (*Dunn* v. *Seidenschwarz,* 173 Misc. 495). It is not governed as to venue by either section 287-a of the Civil Practice Act, which prescribes the place for the bringing of an action in the nature of interpleader by a person in possession of personal property to determine adverse claims thereto; nor by section 777 of the Civil Practice Act, which provides for the place where supplementary proceedings may be instituted against a judgment debtor. This proceeding is neither a section 287-a action nor a proceeding supplementary to judgment provided for in article 45 of the Civil Practice Act to which the applicability of section 777 is limited. Since there is no limitation in section 696 of the Civil Practice Act, of the place in which a proceeding under its provisions may be brought, it follows that such a proceeding may be instituted in the Supreme Court in any county in which any one of the parties resided at its commencement (Civ. Prac. Act, § 182); and, if not brought in a proper county, is subject only to a motion for change of venue. No facts warranting a change of venue have been presented to the respondents. Their objection to the place of the institution of this proceeding is, therefore, overruled.

The petitioner alleges that the claim of title made by the third parties is invalid by reason of their failure to comply with sections 230 and 230-a of the Lien Law. This allegation is elaborated upon somewhat in petitioner's supporting memorandum which urges, among other things, that the mortgage held by respondents is void as against petitioner because of a delay of seventeen days in filing subsequent to its execution. A delay in filing is sufficient to invalidate a chattel mortgage only where " unreasonable and unnecessary ", which is " a question of fact to be determined on the evidence in each case." (*Trimble* v. *Brown-Green Co.,* 105 Misc. 210, 213.) Clearly the resolution of this issue of fact, as well as others which have been raised, requires a trial upon the evidence.

Moreover, section 696 of the Civil Practice Act, enacted by chapter 352 of the Laws of 1936 in replacement of the old section 696 thereby repealed, has substituted for the former inquisition of the sheriff's jury a hearing, either with or without a jury,

which, unlike the previous practice, will result in a final determination (*Isabelle Properties, Inc., v. Edelman,* 164 Misc. 192; *Long Island Tinsmith Supply Corp.* v. *Ramberg & Son,* 172 Misc. 158).

The matter will therefore be referred to Hon. Peter Schmuck, an Official Referee, to take proof and report with his opinion concerning the title to the property levied upon by the sheriff (*Dunn* v. *Seidenschwarz,* 173 Misc. 495, *supra*). Pending the coming in of his report, determination hereunder will be held in abeyance.