MERCURY MACHINE IMPORTING CORP., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, May 12, 1955.

*Peter Campbell Brown, Corporation Counsel* (*Stanley Buchsbaum* and *Herbert S. Taten* of counsel), for defendant.

*Isaac Anolic* for plaintiff.

MCNALLY, J. In an action for the refund of business tax paid to the defendant, the latter moves for dismissal of the complaint, pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice. This application rests upon a determination made December 9, 1954, by the comptroller of the City of New York denying plaintiff's claim for refund which the defendant contends supports a plea of *res judicata* in respect of the pending action.

The facts are undisputed. On June 16, 1953, plaintiff filed an application for refund of the business tax based on the calendar year 1951, which plaintiff had paid on June 16, 1952.

A hearing was conducted on the plaintiff's claim for refund resulting in a determination by the comptroller on December 9, 1954, denying the refund. This action was commenced more than thirty days after the said determination.

Section B46–7.0 of the Business Tax Law (Administrative Code, ch. 46, tit. B) makes provision for refunds in respect of business tax. It provides for a written protest, a hearing thereon, a determination by the comptroller and a review thereof pursuant to article 78 of the Civil Practice Act. Section B46–9.0 provides that the specified remedy shall be exclusive except that the taxpayer may proceed by declaratory judgment under specified circumstances.

The comptroller's regulations for General Business and Finance Tax (art. 118) provide for a hearing on an application for refund at which testimony shall be taken and in which the taxpayer may appear by an attorney. Provision is also made for minutes of such a hearing and transcription thereof.

A plea of *res judicata* may rest upon determinations made by administrative tribunals (*Matter of Evans* v. *Monaghan,* 306 N. Y. 312, 323; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92, 97; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242, 247; *Osterhoudt* v. *Rigney,* 98 N. Y. 222, 234). The test is whether the determination rests upon a judicial or quasi-judicial determination and that in turn depends upon whether it is supported by a hearing at which testimony is submitted and evaluated substantially in conformity with due process (*People ex rel. Schau* v. *McWilliams, supra,* p. 97). In the case at bar the determination of the comptroller was consequent upon a hearing provided for by statute at which the plaintiff had adequate opportunity to submit evidence and, in addition, was afforded the opportunity of representation by an attorney, of which he availed himself. The determination made by the comptroller in the opinion of the court is adequate for the purpose of supporting a plea of *res judicata.* The finality of the determination by force of the statute providing for the hearing is demonstrated by the plaintiff's omission to review the determination pursuant to article 78 of the Civil Practice Act (*People ex rel. McCabe* v. *Matthies, supra,* p. 248). Accordingly, the motion is granted. Settle order.